ROBERT ANDERSON *et al.*, Plaintiffs-Appellants, v. STEPHEN PISTNER *et al.*, Defendants-Appellees.

First District (5th Division) No. 85—3589

Opinion filed October 3, 1986.

Joel F. Handler, of Davis, Miner, Barnhill & Galland, of Chicago, for appellants.

James W. Gladden, Jr., Judith Janssen, and Rayna Eller, all of Mayer, Brown & Platt, of Chicago, for appellee Mobil Corporation.

Thompson Powers and Ronald S. Cooper, both of Steptoe & Johnson, and Lawrence M. Donoghue, both of Chicago, for other appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiffs appeal from an order dismissing their amended complaint. They contend that the circuit court erred in ruling that their

two-count complaint, which alleged tortious interference with contractual relations and tortious interference with prospective business advantage, was barred by the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 *et seq.*). Defendants cross-appeal from orders denying their motions to dismiss the amended complaint on other grounds.

In 1982 plaintiffs filed an action in Federal court against Montgomery Ward & Company and the defendants named herein seeking damages for alleged violations of the Age Discrimination in Employment Act (29 U.S.C. sec. 621 *et seq.* (1982)).[1] Plaintiffs' claims for tortious interference with contractual relations and prospective business advantage were originally brought as pendent State claims to the Age Discrimination in Employment Act action. The Federal district court declined to exercise pendent jurisdiction over the State-law claims and dismissed them without prejudice. The court also dismissed the action against the individual defendants for failure to name them as respondents to plaintiffs' charges filed with the Equal Employment Opportunity Commission. The Age Discrimination in Employment Act claims against Montgomery Ward and Mobil Corporation are still pending in Federal court.

Plaintiffs thereafter filed a two-count complaint in the circuit court of Cook County, again seeking damages from the individual defendants and Mobil Corporation, but not from Montgomery Ward, based on the tortious-interference theories. In their complaint plaintiffs alleged that they had been terminated "because of their age," and that the individual defendants had developed "a specific plan of action to drive older employees out of Ward's knowing [that] such a plan was illegal" and "knowing [that] they might expose Montgomery Ward to liability under the Age Discrimination in Employment Act." The individual defendants moved to dismiss the complaint on the ground, *inter alia*, that plaintiffs had failed to plead the requisite elements of their tortious-interference claims. Mobil filed a special and limited appearance contesting personal jurisdiction over it in Illinois. Following a hearing, the court ordered the complaint stricken with leave to file an amended complaint.

Plaintiffs subsequently filed an amended complaint, again alleging tortious interference with contractual relations and prospective business advantage. However, the allegation in the original complaint that plaintiffs had been terminated "because of their age" was deleted and plaintiffs have alleged in the amended complaint that they were dis-

---

[1]Montgomery Ward is a wholly owned subsidiary of Mobil Corporation.

missed because defendants desired "to solidify their own personal control over [Montgomery Ward] by eliminating experienced capable employees such as the plaintiffs who might disagree with their business decisions or who might detect errors in their decisions and bring them to the attention of Montgomery Ward's Board of Directors."

Notwithstanding this modification, we note that the amended complaint also alleges that in or about 1980 "Mobil decided to terminate *older* upper management level Ward employees"; that the individual defendants were hired "to run Montgomery Ward and to terminate these *older* upper management level Ward employees"; and that the individual defendants, with the concurrence and ratification of Mobil, "began terminating *older* upper management level Ward employees." (Emphasis added.) Plaintiffs cited "[t]he elimination of the *older* upper management level Ward employees' positions and the refusal to consider these *older* employees for job openings for which they were qualified" as instances of defendants' "improper conduct." (Emphasis added.)[2] They further alleged that as a result of the defendants' actions, they were "terminated or demoted and replaced by *younger* employees." (Emphasis added.)

After the amended complaint was filed, the court denied Mobil's motion to dismiss for lack of personal jurisdiction and certified the question for appeal under Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)). We denied Mobil's application for leave to appeal the jurisdictional issue. The individual defendants filed motions to dismiss the amended complaint pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—615, 2—619.) The former motion attacked the legal sufficiency of plaintiffs' amended complaint and was denied. The latter motion requested dismissal on the grounds that the amended complaint was barred by the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 *et seq.*), and the statute of frauds. Mobil filed a similar motion.

The court granted the motions and dismissed the amended complaint on the basis that plaintiffs, in effect, alleged age discrimination for which the Human Rights Act provided the exclusive remedy. Plaintiffs have appealed from that order. The individual defendants have cross-appealed from the order denying their motion to dismiss under section 2—615, and Mobil has cross-appealed from the order denying its motion to dismiss for lack of personal jurisdiction.

---

[2]Similar allegations were made in plaintiffs' Federal age-discrimination action.

OPINION

Plaintiffs, as we have noted, contend that the circuit court erred in ruling that their amended two-count complaint, which alleged tortious interference with contractual relations and tortious interference with prospective business advantage, was barred by the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 *et seq.*). The parties agree that the Human Rights Act provides the exclusive remedy for age discrimination in employment claims. (Ill. Rev. Stat. 1985, ch. 68, pars. 1—103(A), 1—103(Q), 2—102, 8—111(C); *Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 7, 485 N.E.2d 312.) Plaintiffs, however, strenuously dispute the circuit court's finding that their amended complaint, in effect, alleged age discrimination.[3]

Although plaintiffs profess not to find any allegations of age discrimination in their amended complaint, it, in fact, contains a number of such allegations. As we previously have noted, it alleges that in or about 1980 "Mobil decided to terminate *older* upper management level Ward employees"; that the individual defendants were hired "to run Montgomery Ward and to terminate these *older* upper management level Ward employees"; and that the individual defendants, with the occurrence and ratification of Mobil, "began terminating *older* upper management level Ward employees." (Emphasis added.) Plaintiffs cited "[t]he elimination of the *older* upper management level Ward employees' positions and the refusal to consider these *older* employees for job openings for which they were qualified" as instances of defendants' "improper conduct," and alleged that as a result of the defendants' actions, they were "terminated or demoted and replaced by *younger* employees." (Emphasis added.)

■■ These repeated references to "older" and "younger" employees cannot be dismissed as inadvertent or merely "descriptive" of the persons who happened to have been affected by defendants' conduct. Rather, the allegations clearly suggest that the defendants deliberately discriminated against plaintiffs because of their age. Even as-

---

[3]We need not decide whether defendants' motions to dismiss on this basis were properly brought under section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)). Plaintiffs failed to object to the form of the motions and thus have waived this issue on appeal. (*Perkaus v. Chicago Catholic High School Athletic League* (1986), 140 Ill. App. 3d 127, 137, 488 N.E.2d 623.) Moreover, we observe that plaintiffs' counsel argued below that the age-discrimination issue could be raised only under section 2—619 and not under section 2—615. Furthermore, we attach no significance to the court's denial of the individual defendants' motion to dismiss under section 2—615. Plaintiffs' counsel conceded at oral argument that the denial of the section 2—615 motion did not preclude the granting of the section 2—619 motions, which advanced different grounds for dismissal.

suming, however, that a nondiscriminatory motive can be ascribed to defendants' decision "to terminate older upper management level Ward employees," it is apparent that that decision had a discriminatory effect. Both forms of discrimination (disparate treatment and disparate impact) fall within the exclusive jurisdiction of the Illinois Human Rights Commission. (*Burnham City Hospital v. Human Rights Com.* (1984), 126 Ill. App. 3d 999, 467 N.E.2d 635.) It is immaterial, therefore, that plaintiffs attributed their dismissals to defendants' "desire to solidify their own personal control" over Montgomery Ward. In view of the other allegations in the amended complaint, we believe it is clear that they have realleged an age-discrimination claim in their amended complaint.

Plaintiffs, however, argue further that the Human Rights Act could not be their exclusive remedy because neither Mobil nor the individual defendants could be liable to them under the Act. We disagree.

■ Although none of the defendants may have been liable as an "employer" under section 2—102(A) of the Act (Ill. Rev. Stat. 1985, ch. 68, par. 2—102(A)), which concerns civil rights violations in employment, section 6—101(B) (Ill. Rev. Stat. 1985, ch. 68, par. 6—101(B)), provides that it is a civil rights violation for a person or for two or more persons to conspire, to aid, abet, compel or coerce a person to commit any violation of the Act. To the extent that defendants may have aided, abetted, compelled or coerced Montgomery Ward, plaintiffs' employer, to discriminate against them on account of their age, they could have been liable to plaintiffs under the Human Rights Act for committing a civil rights violation. The Act thus provided plaintiffs with a remedy which they consciously chose not to pursue.

In our judgment, the circuit court properly determined that plaintiffs' amended complaint was barred by the exclusive-remedy provision of the Illinois Human Rights Act. (Ill. Rev. Stat. 1985, ch. 68, par. 8—111(C).) Accordingly, we affirm the court's order dismissing the amended complaint. In light of our disposition of plaintiffs' appeal, we need not address the issues raised in defendants' cross-appeals.

Affirmed.

PINCHAM and LORENZ, JJ., concur.