VIVIAN FAULKNER-KING, Plaintiff-Appellant, v. EUGENE C. WICKS *et al.*, Defendants-Appellees.

Fourth District   No. 4—91—0660

Opinion filed March 31, 1992.

Robert G. Kirchner, of Lerner & Kirchner, of Champaign, for appellant.

Michael R. Cornyn, of Thomas, Mamer & Haughey, of Champaign, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

This case is before us pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308). The Champaign County circuit court certified five questions for our review related to its jurisdiction to hear plaintiff Vivian Faulkner's claims. We find under each circumstance presented in the questions, the circuit court correctly found it lacked subject-matter jurisdiction to consider plaintiff's claims.

I. ALLEGATIONS AND CIRCUIT COURT'S RULING

Plaintiff was employed at the University of Illinois (University) in

the School of Art and Design. As of August 20, 1987, her employment at the University was not extended. On September 16, 1988, she filed suit in Champaign County circuit court against the board of trustees at the University and against individual defendants Eugene C. Wicks, Donald Pilcher, James Kaufman, Jack McKenzie, Edwin L. Goldwasser, Theodore Zernich, Alvin D. Moore, and Jerrold Ziff. The individual defendants were professors and administrators at the University.

Plaintiff previously filed a complaint with the Illinois Department of Human Rights. The complaint was dismissed because it was filed beyond the statute of limitations. We recently upheld that ruling. (*Faulkner-King v. Department of Human Rights* (1992), 225 Ill. App. 3d 784.) According to defendants, plaintiff also filed an action under Title VII (42 U.S.C. §2000e (1988)), which was dismissed by the Federal district court because it was filed beyond the statute of limitations. (*Faulkner-King v. Board of Trustees* (C.D. Ill. 1991), 757 F. Supp. 951.) This ruling is currently on appeal before the Seventh Circuit Court of Appeals (case No. 91—1578). Finally, she has filed a claim in the Illinois Court of Claims (docketed case No. 91—CC—1417), which has been stayed until the other cases are resolved.

In this case, plaintiff alleges she was denied a promotion and tenure as a result of the individual defendants' evaluations and recommendations. She seeks damages for the individual defendants' past actions. Defendants acted in their capacities as either committee members, deans, directors or assistant vice-chancellors. She also seeks injunctive relief against the University's board of trustees in the form of reinstatement to her position at the University.

Plaintiff filed a second-amended complaint March 12, 1990. Her theories of recovery were based on the claim that she had been discriminated against because of her gender, and/or that the evaluation and recommendation process for retention, promotion, and tenure was conducted in an arbitrary and capricious manner. The second-amended complaint alleged claims under the Constitution of Illinois (Ill. Const. 1970, art. I, §§2, 18), the Constitution of the United States (U.S. Const., amend. XIV), Federal law (42 U.S.C. §§1983, 1985, 1986 (1988)), and common law claims including tortious interference with contract, prospective economic advantage, common law due process, and fraudulent misrepresentation. Defendants filed a motion to dismiss plaintiff's second-amended complaint, arguing among other reasons, that the court lacked jurisdiction to hear her case because of the basis of her claims.

In its opinion filed July 2, 1991, the circuit court dismissed plaintiff's second-amended complaint. The court concluded it lacked sub-

ject-matter jurisdiction over the causes of action set forth by plaintiff's complaint because the court's jurisdiction over gender-based discrimination claims is restricted to reviewing decisions of the Human Rights Commission pursuant to section 8—111(C) of the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1989, ch. 68, par. 8—111(C)). The court found gender-based discrimination was central to each of plaintiff's 14 counts. It concluded that to the extent plaintiff's claims were not premised on gender discrimination, the Court of Claims was the appropriate forum. It also noted the allegations of the second-amended complaint did not properly allege a claim against any of the individual defendants and stated plaintiff could replead allegations if she wished.

## II. CERTIFIED QUESTIONS

On plaintiff's motion, the court entered an order pursuant to Rule 308. It certified the following questions of law for our review:

"a. Whether the Circuit Court has jurisdiction over a claim for retaliatory discharge founded upon the public policy of the State of Illinois as expressed in Article I, Sections 2, 17 and 18 of the Constitution of the State of Illinois, 1970 where the Plaintiff claims to have been retaliatorily discharged as a result of sexual discrimination and arbitrary or capricious conduct in the tenure evaluation process, the decision denying her promotion and tenure, and in the decision as to whether to discharge her from her employment at the University of Illinois.

b. Whether the Circuit Court has subject matter jurisdiction over a cause of action brought directly under Article I, Sections 2, 17 and 18 of the Constitution of the State of Illinois, 1970 where the Plaintiff claims to have been retaliatorily discharged as a result of sexual discrimination and arbitrary or capricious conduct in the tenure evaluation process, the decision denying her promotion and tenure, and in the decision as to whether to discharge her from her employment at the University of Illinois.

c. Whether the Circuit Court has subject matter jurisdiction over claims founded upon a theory of Due Process (common law), tortious interference with contract, tortious interference with prospective economic advantage and fraudulent misrepresentation where the Plaintiff claims that the conduct of the Defendants was motivated as a result of the Plaintiff being a female and/or for arbitrary and capricious reasons.

d. Whether the Circuit court has subject matter jurisdiction over claims brought under Title 42 U.S.C.S. Sections 1983, 1985 and 1986 where the Plaintiff alleges that the actions taken against her were as a result of her being a female and/or for arbitrary and capricious reasons.

e. Whether the Circuit Court has subject matter jurisdiction over claims alleging a civil conspiracy to violate Plaintiff's common law and constitutional rights based upon her status as a female and/or for arbitrary and capricious reasons."

These questions raise two issues. The first question is whether section 8—111(C) of the Act precludes circuit courts from exercising jurisdiction over claims brought under the Constitution of the State of Illinois (Ill. Const. 1970, art. I, §§2, 17, 18), the Constitution of the United States (U.S. Const., amend. XIV), Federal law (42 U.S.C. §§1983, 1985, 1986 (1988)), and common law where the underlying theory for the complained-of actions is gender-based discrimination and/or arbitrary and capricious conduct.

The second issue raised is whether plaintiff's claims founded on other than gender discrimination in the evaluation of her as a professor, for retention, promotion, and tenure must be brought in the Court of Claims.

### III. SUBJECT MATTER JURISDICTION OVER ALLEGED EMPLOYMENT DISCRIMINATION

■ Plaintiff first argues the circuit court erred by concluding it lacked jurisdiction to hear discrimination claims based on the Illinois Constitution, common law, Federal constitutional and statutory law. She raises the following arguments: (1) article I, section 2, of the Illinois Constitution permits her to seek original review by the circuit court of her claims; (2) article I, section 17, of the Illinois Constitution was enacted to protect against private, not public, discrimination; (3) article I, section 18, of the Illinois Constitution authorizes her to seek remedies in the circuit court; (4) the language of the Act does not preempt the circuit court's jurisdiction because her claims are not protected under the Act; and (5) circuit courts have original jurisdiction of Federal statutory and constitutional claims and cannot refuse to consider cases which raise these issues. We reject plaintiff's arguments.

The language of the Act and article I, sections 2, 17, and 18, of the Illinois Constitution is pertinent to resolving whether the circuit court had jurisdiction over plaintiff's claims.

The Act states it is intended to "secure and guarantee the rights established by Sections 17, 18 and 19 of Article I of the Illinois Constitution of 1970." (Ill. Rev. Stat. 1989, ch. 68, par. 1—102(C).) Section 8—111(C) of the Act further provides, "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." Ill. Rev. Stat. 1989, ch. 68, par. 8—111(C).

Article I, section 2, of the Illinois Constitution states "[n]o person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws." Ill. Const. 1970, art. I, §2.

Article I, section 17, of the Illinois Constitution provides:

> "All persons shall have the right to be free from discrimination on the basis of race, color, creed, national ancestry and sex in the hiring and promotion practices of any employer ***.
>
> *** [T]he General Assembly by law may establish reasonable exemptions relating to these rights and provide additional remedies for their violation." Ill. Const. 1970, art. I, §17.

Article I, section 18, of the Illinois Constitution states: "The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts." Ill. Const. 1970, art. I, §18.

### A. *Article I, Section 2*

Article I, section 2, of the Illinois Constitution does not authorize plaintiff to seek original review of her gender-discrimination claims in the circuit court. Plaintiff previously appealed a decision by the Illinois Human Rights Commission, arguing that the Department of Human Rights lacked jurisdiction to hear her complaint against the University of Illinois School of Art and Design. (See *Faulkner-King*, 225 Ill. App. 3d 784.) Her complaint was based on the same outcome she complains of in this case, the termination of her position with the school in August 1987, and the school's failure to grant her tenure or promote her. We concluded the Act is an exclusive remedy for civil rights violations when the action is premised on article I, section 2, of the Illinois Constitution. We relied on the Illinois Supreme Court ruling in *Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 7, 485 N.E.2d 312, 315, which established that the Act was the exclusive remedy for employment discrimination claims. *Faulkner-King*, 225 Ill. App. 3d at 793.

### B. *Article I, Section 17*

Plaintiff contends article I, section 17, of the Illinois Constitution was intended to reach discrimination only by private persons. We disagree. She argues cases restricting the remedy to that provided by the Act have involved a private employer which allegedly violated rights protected by section 17 thereof. See *Thakkar v. Wilson Enterprises, Inc.* (1983), 120 Ill. App. 3d 878, 878-79, 458 N.E.2d 985, 986; *Dilley v. Americana Healthcare Corp.* (1984), 129 Ill. App. 3d 537, 537, 472 N.E.2d 596, 597.

Courts have consistently rejected efforts to view the Act as other than the exclusive remedy for employment discrimination claims. In *Dilley* (129 Ill. App. 3d at 546, 472 N.E.2d at 603), we rejected an argument that article I, section 17, of the Illinois Constitution granted concurrent jurisdiction as between the circuit courts and the forum provided under the Act. Each district of the appellate court has found the Act to be the exclusive remedy for employment discrimination. *Thakkar*, 120 Ill. App. 3d at 881, 458 N.E.2d at 987 (first district); *Yount v. Hesston Corp.* (1984), 124 Ill. App. 3d 943, 949, 464 N.E.2d 1214, 1218 (second district); *Armstrong v. Freeman United Coal Mining Co.* (1983), 112 Ill. App. 3d 1020, 1022-23, 446 N.E.2d 296, 298 (third district); *Dilley*, 129 Ill. App. 3d at 546, 472 N.E.2d at 603 (fourth district); *Cahoon v. Alton Packaging Corp.* (1986), 148 Ill. App. 3d 480, 482, 499 N.E.2d 522, 523 (fifth district).

More importantly, the Illinois Supreme Court has spoken definitively on the issue concluding the Act was intended to be the exclusive remedy for handling claims of employment discrimination:

> "The legislature has specifically provided through section 8—111(D) of the present act [(Ill. Rev. Stat. 1983, ch. 68, par. 8—111(D) (now see Ill. Rev. Stat. 1989, ch. 68, par. 8—111(C)))], *** that courts have no jurisdiction to hear independent actions for civil rights violations. It is clear that the legislature intended the Act, with its comprehensive scheme of remedies and administrative procedures, to be the exclusive source for redress of alleged human rights violations. [Citations.] Debates on Senate Bill 1377, which became the Human Rights Act, confirm that the legislature intended by the Act to avoid direct access to the courts for redress of civil rights violations." *Mein*, 109 Ill. 2d at 7, 485 N.E.2d at 315.

There should be no distinction between private and public employment discrimination. Article I, section 17, of the Illinois Constitution states "[a]ll persons shall have the right to be free from discrimina-

tion \*\*\* of *any* employer." (Emphasis added.) (Ill. Const. 1970, art. I, §17.) This section also authorizes the General Assembly to establish laws to enforce the rights granted all employees, public and private, to be free of workplace discrimination. Ill. Const. 1970, art. I, §17; see also *Dilley*, 129 Ill. App. 3d at 550-51, 472 N.E.2d at 605-06 (Green, P.J., specially concurring).

### C. *Article I, Section 18*

Plaintiff contends article I, section 18, of the Illinois Constitution does not limit a plaintiff's right to seek redress in circuit courts because, unlike the authority granted in section 17, section 18 does not authorize the legislature to establish "reasonable exemptions."

She contends that no court has ruled a State employee who is protected by the Illinois Constitution from employment discrimination is precluded from seeking redress under the Constitution of the State of Illinois. She reasons State employees can seek redress under both Title VII (see 42 U.S.C. §§2000e—2, 2000e—5 (1988)) and the Constitution of the United States and the fourteenth amendment, and cites *Trigg v. Fort Wayne Community Schools* (7th Cir. 1985), 766 F.2d 299. Similarly, State employees should be entitled to seek relief under article I, sections 2 and 18, of the Illinois Constitution in the circuit courts and under the Act.

Plaintiff cites no case law supporting her argument. Although not addressing jurisdiction, employment-discrimination cases brought by State employees have been filed under the Act. See *Board of Trustees of University of Illinois v. Human Rights Comm'n* (1985), 138 Ill. App. 3d 71, 73, 485 N.E.2d 33, 35; *Board of Trustees of Southern Illinois University v. Knight* (1987), 163 Ill. App. 3d 289, 290-91, 516 N.E.2d 991, 993.

While the equal protection clause of article I, section 18, of the Illinois Constitution provides a right to be free from discrimination by the State, this protection in the area of employment discrimination is covered by article I, section 17. The Act states it is intended to protect rights established by section 18. (Ill. Rev. Stat. 1989, ch. 68, par. 1—102(C).) Plaintiff's remedy for claims raised under this section are limited to those provided under the Act. Article I, section 18, does not confer on plaintiff a private right of action for alleged gender discrimination.

### D. *Claims Protected By The Act*

Plaintiff finally argues that because the claims she raises are not protected by the Act, she can seek her remedy in the circuit court.

She directs us to that portion of the Act which states the Act does not preempt jurisdiction which is otherwise provided by law. Ill. Rev. Stat. 1989, ch. 68, par. 8—111(C).

Plaintiff compares her action to the court's ruling in *Ritzheimer v. Insurance Counselors, Inc.* (1988), 173 Ill. App. 3d 953, 527 N.E.2d 1281, in which the Fifth District Appellate Court held the circuit court had original jurisdiction over plaintiff's complaint, in which she alleged she was discriminated against by her private employer because she became pregnant. The court ruled the Act did not apply there because the employer had less than 15 employees and, therefore, was not subject to the Act. It further suggested in *dictum* that plaintiff's second count based on intentional tortious conduct should not have been dismissed. The court reasoned this claim was not necessarily related to, and required different evidence from, an employment-discrimination claim. *Ritzheimer*, 173 Ill. App. 3d at 963-64, 527 N.E.2d at 1288.

Plaintiff also relies on *Pavilon v. Kaferly* (1990), 204 Ill. App. 3d 235, 561 N.E.2d 1245, as support for her argument that her claims are not protected by the Act. In *Pavilon*, the court ruled the circuit court was not preempted by the Act from considering a claim of intentional infliction of emotional distress. *Pavilon*, 204 Ill. App. 3d at 243, 561 N.E.2d at 1250.

Plaintiff contends that where the provisions of the Act apply and the rights to be enforced are created by article I, section 17, a plaintiff must pursue his or her remedies as provided under the Act. Where, however, the Act's provisions do not apply, and the cause the plaintiff seeks to bring is not based on article I, section 17, of the Illinois Constitution, he or she can seek relief in the circuit court. She claims she can seek review in the circuit court because her claims are based on statutory or constitutional bases not provided for by the Act. The bases for the rulings in *Ritzheimer* and *Pavilon* support our finding plaintiff's claims are protected by the Act.

In both cases, the claim which the court viewed as outside the purview of the Act was for intentional infliction of emotional distress. Each court reasoned this claim required evidence far beyond that required in a discrimination claim. *Ritzheimer*, 173 Ill. App. 3d at 963-64, 527 N.E.2d at 1288-89; *Pavilon*, 204 Ill. App. 3d at 244-45, 561 N.E.2d at 1250-51.

Plaintiff's action raises claims similar to those raised in *Anderson v. Pistner* (1986), 148 Ill. App. 3d 616, 499 N.E.2d 566. The *Anderson* court dismissed claims of tortious interference with contractual relations and prospective business advantage on jurisdictional grounds,

because these claims were rooted in an age-discrimination claim. (*Anderson*, 148 Ill. App. 3d at 619-20, 499 N.E.2d at 569.) Plaintiff's claims are rooted in a gender-discrimination claim. The circuit court noted each of plaintiff's 14 counts was based on a claim of gender-based discrimination. Plaintiff's additional allegations do not require that she be permitted to seek remedies outside those provided by the Act. Her allegations are primarily based on a claim of gender discrimination which the Act protects against.

### E. *Federal Constitutional and Statutory Claims*

Plaintiff argues the circuit court erred in ruling it lacked subject-matter jurisdiction over claims brought under the fourteenth amendment to the Constitution of the United States and under title 42 of the United States Code, sections 1983, 1985, and 1986 (42 U.S.C. §§1983, 1985, 1986 (1988)). She contends circuit courts have concurrent jurisdiction over a claim premised on Federal civil rights statutes and cites numerous cases in support of her contention. See, *e.g.,* *Howlett v. Rose* (1990), 496 U.S. 356, 110 L. Ed. 2d 332, 110 S. Ct. 2430; *Seibring v. Parcell's Inc.* (1987), 159 Ill. App. 3d 676, 512 N.E.2d 394; *Donnelly v. Yellow Freight System, Inc.* (7th Cir. 1989), 874 F.2d 402, 405-06, *aff'd* (1990), 494 U.S. 820, 108 L. Ed. 2d 834, 110 S. Ct. 1566.

Plaintiff directs us to *Donnelly*, a Title VII case (see 42 U.S.C. §2000e–2 (1988)) in which the Seventh Circuit ruled a State court was obligated to hear a case which raised a Federal claim as to which concurrent jurisdiction existed. (*Donnelly*, 874 F.2d at 409.) Plaintiff also directs us to the United States Supreme Court's ruling in *Howlett* that a State court's refusal to exercise jurisdiction over a claim under title 42, section 1983, of the United States Code (42 U.S.C. §1983 (1988)) violated the supremacy clause. A State court is obligated to address such a claim. (*Howlett*, 496 U.S. at 371-81, 110 L. Ed. 2d at 350-56, 110 S. Ct. at 2440-45.) According to plaintiff, these rulings illustrate the court's error in concluding it lacked jurisdiction to hear claims which arose under Federal constitutional and statutory law.

The United States Congress cannot require circuit courts to hear certain disputes. Congress can utilize State courts to enforce Federal rights, but it must do so subject to all conditions which the State court imposes on other litigants. (*Brown v. Gerdes* (1944), 321 U.S. 178, 190, 88 L. Ed. 659, 666-67, 64 S. Ct. 487, 493.) Although circuit courts are courts of general jurisdiction, the legislature, by authority of the State Constitution, has restricted that jurisdiction when the

claim involves a controversy covered by the Act. Courts have consistently ruled the Act is the exclusive source of a remedy for an employment-discrimination claim. Circuit courts cannot be compelled to accept such cases under the guise of Federal authority.

Plaintiff's argument is similar to one rejected by the Fifth District Appellate Court in *Cahoon, i.e.,* the plaintiff had an independent enforceable Federal right under the Age Discrimination in Employment Act of 1967 (29 U.S.C. §621 *et seq.* (1982)). The court ruled it had no jurisdiction because the claim had to be brought under the Act. *Cahoon,* 148 Ill. App. 3d at 483-84, 499 N.E.2d at 524.

Plaintiff also contends her second-amended complaint raised Federal constitutional and statutory law claims against individual defendants who are not employers. For this reason too, the Act should not have preempted the circuit court's jurisdiction to hear these claims. The circuit court noted in its opinion that claims against the individual defendants were not sufficiently pleaded. Defendants' actions which were complained of were in conjunction with their roles in the decision to deny plaintiff tenure at the University. The Act properly preempts the circuit court of original jurisdiction when a claim alleges employment discrimination.

## IV. JURISDICTION OVER COMMON LAW CLAIMS

■ The second issue raised by the certified questions is whether the Court of Claims is the proper forum for plaintiff's claims other than those alleging gender discrimination. We rule it is the only forum in which plaintiff can raise these claims. Section 8 of the Court of Claims Act provides in relevant part:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the state founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency, other than claims arising under the Workers' Compensation Act or the Workers' Occupational Diseases Act, or claims for expenses in civil litigation.

\* \* \*

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like claims sounding in tort against \*\*\* the Board of Trustees of the University of Illinois \*\*\*." Ill. Rev. Stat. 1989, ch. 37, pars. 439.8(a), (d).

Whether an action constitutes a suit against the State depends on the issues involved and the relief sought. (*Ellis v. Board of Governors of State Colleges & Universities* (1984), 102 Ill. 2d 387, 394, 466 N.E.2d 202, 206; *Robb v. Sutton* (1986), 147 Ill. App. 3d 710, 712-13, 498 N.E.2d 267, 270.) The court found plaintiff's claims which were based on other than gender discrimination were for damages for past actions and sought injunctive relief against the University's board of trustees. It further concluded the claims against the individual defendants were based on actions in their capacities within the tenure process at the University. The State law claims, according to the court, were based on laws or regulations of the State of Illinois, arose out of contractual rights and obligations between plaintiff and the board of trustees, or sounded in tort. If cognizable claims independent of those covered by the Act are presented by plaintiff's action, the court concluded the proper forum for those claims is the Court of Claims.

Plaintiff concedes an action against the State must be brought in the Court of Claims. (*Healy v. Vaupel* (1990), 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247.) Bringing the action in this court cannot be evaded by nominally bringing suit against an agent or servant of the State. (*Sass v. Kramer* (1978), 72 Ill. 2d 485, 491, 381 N.E.2d 975, 977.) Plaintiff, however, directs us to cases stating sovereign immunity affords no protection when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority. In these instances, the plaintiff may seek redress in the circuit courts. See, *e.g., Healy*, 133 Ill. 2d at 308, 549 N.E.2d at 1247.

She also directs us to *Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 748, 373 N.E.2d 486, 490, in which the court found the circuit court could properly rule on whether the defendant acted outside the scope of his employment and engaged in tortious conduct which interfered with plaintiff's relationship with the university at which plaintiff was a tenured instructor. In addition, the First District Appellate Court has ruled a suit alleging defendant abused his discretion or authority is not subject to a sovereign immunity defense. (*Houseknecht v. Zagel* (1983), 112 Ill. App. 3d 284, 290, 445 N.E.2d 402, 406.) Because her claims against the individual defendants allege similar violations, plaintiff contends the circuit court has jurisdiction to hear these claims.

Plaintiff's action is more akin to the scenario present in *Ellis*, wherein the plaintiff complained she was terminated from a tenured position without good cause. Plaintiff in *Ellis* filed suit against the Board of Governors of Colleges of Illinois for damages, injunctive relief, and reinstatement. (*Ellis*, 102 Ill. 2d at 390, 466 N.E.2d at 204.)

The court ruled the Court of Claims had exclusive jurisdiction over both claims. It reasoned that although plaintiff sought injunctive relief and money damages, the suit did not have to be severed by litigating the money damages in the Court of Claims and the injunctive relief in the circuit court. It concluded the action must be brought in the Court of Claims because it was based on a present claim which had the potential to impose liability on the State. (*Ellis*, 102 Ill. 2d at 395, 466 N.E.2d at 206-07.) Plaintiff has raised allegations against the State by alleging wrongdoing by the board of trustees.

This district has addressed whether a claim alleging wrongdoing by a defendant in his individual capacity actually raises liability of the State. In *Robb*, the defendant, an assistant dean of Southern Illinois University, was sued in his individual capacity on negligence and fraud theories. This court found because defendant was acting in his official capacity while communicating with plaintiff, and because damages were sought, the claim was one against the State which must be brought in the Court of Claims. *Robb*, 147 Ill. App. 3d at 713, 498 N.E.2d at 270-71.

Similarly, plaintiff's claim is for damages for past actions. She also seeks injunctive relief against the board of the University in the form of reinstatement. The individual defendants are alleged to have acted in their individual capacities as either committee members, deans, directors, or assistant vice-chancellors. Because the relief plaintiff seeks could expose the State to liability, she must bring her action in the Court of Claims.

Defendants argue further that because the board of trustees is their employer, and the individual defendants merely made recommendations to the employer regarding plaintiff's future employment, their role is protected by the courts. Plaintiff argues the individual defendants are not immune from prosecution because she alleged they acted outside their authorized capacities in discriminating against her.

We need not, however, address the parties' arguments. A court of review is not limited to the questions certified for review, but should also consider the propriety of the court order. (*Schoonover v. American Family Insurance Co.* (1991), 214 Ill. App. 3d 33, 40-41, 572 N.E.2d 1258, 1262.) Whether the individual defendants are immune from liability is not relevant to the circuit court's order. The court found plaintiff failed to properly allege claims against the individual defendants and told her she could amend her complaint if she wished to do so. Plaintiff did not amend her complaint. If plaintiff raises allegations against the defendants individually, it is generally for the Court of Claims to determine whether the defendants' actions were

governmental and therefore make them immune from civil prosecution. *Oppe v. Missouri* (1988), 171 Ill. App. 3d 491, 494, 525 N.E.2d 1189, 1191.

We find the circuit court lacked subject-matter jurisdiction to hear plaintiff's claims under each circumstance certified as a question. The Act provides the exclusive remedy for employment discrimination claims. The circuit court lacked subject-matter jurisdiction to consider such of plaintiff's claims as were premised on employment discrimination. In addition, the Court of Claims is the proper forum for plaintiff's additional claims because these claims expose the State to potential liability.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.