FIRST DIVISION

January 10, 2000

No. 1-98-1204

Amy Teverbaugh, a minor by her )

mother and next friend, Eartha Duncan, ) 

and Eartha Duncan, individually, ) Appeal from the

   ) Circuit Court of

Plaintiffs-Appellees, ) Cook County.

)

v. ) No. 96 L 05693 

)

) 

Carl Moore, Ernest Tetter, Lincoln ) Honorable

Jr. High School, Suburban School Cooperative, ) Susan Zwick,

and State of Illinois Board of Education, ) Judge Presiding

)

Defendants, )

)

and School District No. 148, )

)

Defendant-Appellant. ) 

JUSTICE TULLY delivered the opinion of the court:

In 1995, Amy Teverbaugh, a minor female, was allegedly sexually assaulted at Lincoln Jr. High School when two fellow seventh grade students, Carl Moore and Ernest Tetter grabbed her in a sexual manner.  Subsequently, Amy Teverbaugh and her mother, Eartha Duncan, brought an action against Carl Moore, Ernest Tetter, the Suburban School Cooperative, the State of Illinois Board of Education, and School District #148 (School District).  In count VI of their third amended complaint, plaintiffs sought to recover monetary damages against the School 
District on the basis that it engaged in sex discrimination by refusing to restrain Tetter and Moore from repeated acts of sexual misconduct against female students, depriving plaintiff of equal protection of the law in violation of article I, section 18, of the Constitution of the State of Illinois, 1970.   Ill. Const. 1970, art. I, §18.  The School District moved to dismiss count VI of plaintiffs' complaint, arguing a private right of action for damages was not implied under article I, section 18.  Alternately, the School District asserted that even if article I, section 18, allowed an action for damages, plaintiffs were barred from recovery by section 3-108(a) of the Local Governmental and Government Employees Tort Immunity Act (Tort Immunity Act or Act) (745 ILCS 10/3-108(a) (West 1996)), which immunized the School District from liability for failure to supervise students.  In addition, the School District maintained that because section 2-201 of the Tort Immunity Act  (745 ILCS 10/2-201) (West 1996)) did not expressly include constitutional claims in the list of claims to which immunities under the Act were inapplicable, the Act could be asserted as an affirmative defense.  

The circuit court denied defendant's motion to dismiss count VI, finding a right of action for damages was implied under article I, section 18, to which sections 3-108(a) and 2-201 of the Tort Immunity Act were inapplicable.  In reaching this conclusion, the court reasoned that a school district's policy of acquiescing to sexual harassment of female students by male students, resulting in an educational environment hostile to females, presented a viable basis on which  a private action for damages could be maintained under article I, section 18.  However, the court entered an order pursuant to Supreme Court Rule 308 (155 Ill.2d R. 308), certifying the following questions of law for interlocutory appellate review:

1. Whether a female public school junior high school student has a private right of action under article I, §18 of the Illinois Constitution for an alleged violation of equal protection of the law against the public school district that owns and operates the junior high school where the student attends, when the damage alleged is for personal injuries suffered by the student as a result of the public school's failure to protect her from sexual assault by fellow male junior high students on school grounds during school hours. 

2. If such a private action exists, is the public school district immune from any such liability under section 2-201 and/or section 3-108(a) of the Local Governmental Employees Tort Immunity Act .

 Where questions of law are presented on appeal, a reviewing court exercises a 
de novo
 standard of review.  
 Woods v. Cole
, 181 Ill.2d 512, 515 (1998);  
Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 285 Ill. App.3d 217, 219 (1996). 
 Generally, the scope of a review on interlocutory appeal is limited to the questions as certified by the trial court.  
Kincaid v. Smith
, 252 Ill. App.3d 618, 622 (1993).  However, where necessary, a reviewing court may go beyond the certified question, and examine directly the order that gave rise to the appeal.  
Bright v. Dicke
, 166 Ill.2d 204, 208 (1995).

The pivotal question presented for our consideration is whether a private action for damages can be sustained under article I, section 18, of the Illinois Constitution for sex discrimination.  Article I, section 18, of the Illinois Constitution provides:

"The equal protection of the laws shall not be denied or abridged on account of sex by the State or its units of local government and school districts. " Ill. Const.1970, art. I, §18.

In 
People v. Ellis
 57 Ill.2d 127, 130 (1974), our Supreme Court determined that the purpose of this amendment was to guarantee to females rights equal to those of males by raising the standard of review in actions challenging the imposition of sex classifications by the State.  Referencing the constitutional debates, the 
Ellis
 court explained that at the time of the constitutional convention, neither the United States Supreme Court, nor the Illinois Supreme Courts used strict scrutiny when examining sex classifications imposed by the State.  
Ellis
, 127 Ill.2d at 132-33.  The proponents of article I, section 18, therefore argued that the broad guarantee of equal protection under article I, section 2, of the Illinois Constitution was insufficient to insure equality of rights under the law to females because Illinois courts were extremely permissive in their review of sex classifications under general equal protection.
(footnote: 1)   
Ellis
, 127 Ill.2d at 132-33, citing 5 Record of Proceedings, Sixth Illinois Constitutional Convention, 3675-76.  Based upon the character of the arguments in debates, the 
Ellis
 court concluded,  " *** [t]he Constitution of 1970 contains section 18 of article I, and in view of its explicit language, and the debates, we find inescapable ***[i]t was intended to supplement and expand the guaranties of the equal protection provision of the Bill of Rights and requires us to hold that a classification based upon sex is a 'suspect classification' which, to be held valid, must withstand 'strict scrutiny.' "  
Ellis
 57 Ill.2d at 133. 

 As 
Ellis
 demonstrates, the drafters intended article I, section 18, to expand upon the general guarantee of equal protection conferred in article I, section, 2, by designating gender a suspect classification.  However, there is no indication 
that, in expanding the general guarantee of equal protection, the drafters intended article I, section 18 to provide for a private right of action for damages.  Rather, the 
Ellis
 court's analysis indicates that the type of action contemplated under article I, section 18, by the drafters was an action solely to challenge the constitutionality of classifications by the State.  The text of article I, section 18 its self is further indication that the drafters did not intend a private right of action for damages under this provision.        

 When construing a constitutional provision, courts should begin with the plain language of the provision, which provides the best evidence of what drafters intended to convey to the citizens.  
Cincinnati Insurance Company v. Chapman
, 181 Ill.2d 65, 77 (1998).  However, constitutional provisions dealing with a specific subject matter also should be examined in relation to other provisions relevant to the same matter to provide for consistency in interpretation.  
Rock v. Thompson
, 85 Ill.2d 410, 429 (1981).  Turning to the text of article I, section 18, we note there is no delineation of remedies, or language of self-execution.  We find the absence of such language to be significant, particularly when compared to article I, section 17, of the Illinois Constitution which also prohibits sex discrimination, but does allow for a private right of action.

 Article I, section 17, of the Illinois Constitution provides: 

"All persons shall have the right to be free from discrimination on the basis of race, color creed national ancestry and sex in hiring and promotion practices of any employer or in the sale or rental of property. 

These rights are enforceable without action of the General Assembly, but the General Assembly may establish reasonable exemptions relating to these rights and provide additional remedies for their violation."  Ill. Const.1970, art. I, §17.

The purpose of providing for self-execution of this provision, as recognized by the Illinois Supreme Court in, 
Baker v. Miller
, 159 Ill.2d 249, 264 (1994), 
was to insure a private right of action for discrimination in the absence of implementing legislation.  In 
Baker
, the plaintiff  attempted to bring an action for damages directly under article I, section 17, of the Illinois Constitution based upon sex discrimination in employment.
  The circuit court dismissed plaintiff's claim, and the appellate court affirmed, finding that an action for damages could not be brought directly under article I, section 17.  
Baker
, 159 Ill.2d at 253.  On appeal to the Illinois Supreme Court, the plaintiff argued that she should be permitted to bring an action for damages directly under article I, section 17, because the Illinois Human Rights Act did not provide her with a means of private recovery against her employer.  
Baker
, 159 Ill.2d at 256.  The court agreed with the defendant that although an action for damages for sex discrimination could generally be brought against an employer under the Illinois Human Rights Act, the defendant was exempted from liability under the Act because employing less than fifteen people.  
Baker
, 159 Ill.2d at 256. Looking to the text of Article I, section 17, the Illinois Supreme Court found the self-executing language of the provision demonstrative of an intent to provide a  private right of action in the event the legislature failed to enact laws creating private remedies for discrimination.  
Baker
, 159 Ill.2d at 264.  However, the court concluded that because the legislature enacted a comprehensive remedial scheme for enforcing civil rights under the Illinois Constitution, the Illinois Human Rights Act, plaintiff was foreclosed from bringing a damages action directly under article I, section 17, even if a private remedy was not available to the plaintiff under the Human Rights Act.  
Baker
, 159 Ill.2d at 265-66.

Following the court's reasoning in 
Baker
, we find the omission of language of self-

execution in  article I, section 18, indicative that the drafters did not intend to give rise to a private right of action for damages under this provision.  Under the rules of statutory construction, where the drafters use certain language in one instance and different language in another, it is presumed different results were intended.  
Dana Tank Container, Inc. v. Human Rights Commission
, 292 Ill. App.3d 1022,1026 (1997).  This rule is equally applicable in the context of constitutional construction.  See  
Nevitt v. Langfelder
, 157 Ill.2d 116, 134 (1993) (the rules of statutory construction apply to the constitution).  The comparative texts of article I, section 17 and article I, section 18, evidence that where the drafters intended to provide a right of action for damages for discrimination, they purposefully included language to effect such a result in the absence of  implementing legislation. 

We note that in our review of case law, we have not identified any instance where a private action for damages was maintained directly under article I, section,18, or article I, section 2, of the Illinois Constitution.  However, the only authority we are aware of actually addressing the issue of whether an action for damages can be maintained under article I, section 18, is,  
Faulkner-King v. Wicks
, 226 Ill. App.3d 962 (1992).  In 
Faulkner-King
,
 a plaintiff attempted to maintain an action for damages directly under article I, section 18, as well as article I, section 2, on the basis that her employer violated equal protection by refusing to promote her and grant her tenure because of her gender.  The circuit court dismissed plaintiff's complaint, finding it lacked subject matter jurisdiction to hear plaintiff's sex-based discrimination claims because those claims had to be brought first before the Illinois Human Rights Commission. 
 Faulkner-King
, 226 Ill. App.3d at 963.   On appeal, plaintiff argued article I, section 18, and article I, section 2  gave rise to a private right of action for damages, independent of the Illinois Human Rights Act.  
Faulkner-King
, 226 Ill. App.3d at 963-64.  The appellate court affirmed the dismissal of plaintiffs claim for damages under article I, section 2, holding that the Human Rights Act, "is an exclusive remedy for civil rights violations under article I, section 2."   
Faulkner-King
, 226 Ill. App.3d at 966.   The court also affirmed the dismissal of plaintiff's claim for damages under article I, section 18, concluding, "Article, I, section 18, does not confer on plaintiff a private right of action for alleged gender discrimination." 
  
Faulkner-King
, 226 Ill. App.3d at 968.   In reaching this determination, the court cited,  
Mein v. Masonite Corp
., 109 Ill.2d. 1, 7 (1985), wherein the Illinois Supreme Court pronounced the Illinois Human Rights Act to be the exclusive mechanism for redress of civil rights violations.  
Faulkner-King
, 226 Ill. App.3d at 966.   The court also looked to the Illinois Human Rights Act's declaration of purpose stating that the Act was intended to, "secure and guarantee the rights established by Sections 17, 18 and 19 of the Illinois Constitution."  
Faulkner-King
, 226 Ill. App.3d at 966, quoting Ill. Rev. Stat. 1989, ch. 68, par. 1-102(c). 

While 
Faulkner-King
, involved claims based upon employment discrimination, the holding in that case is equally applicable to the present issue.  To the extent a plaintiff may recover damages for violation of article I, section 18, based upon sex discrimination, the sole mechanism for private remedy is the Illinois Human Rights Act (Human Rights Act)  (775 ILCS 5/1-101 
et. seq
. (West 1996)).  In reaching this conclusion, we are aware that the Human Rights Act does not expressly recognize a  right of action for damages under the circumstances contemplated in this case.  While sections 5A-101 and 5A-102 of the Human Rights Act address sexual harassment in institutions of higher education, these provisions do not extend to primary and secondary schools. 775 ILCS 5/5A-101 through 102 (West 1996). 

We recognize that the problem of sexual harassment is one which may occur in primary and secondary schools as much as in institutions of higher education.  However, we cannot strain the bounds of constitutional construction to imply a private right of action for damages under article I, section 18, when it is readily apparent that the drafters did not intend such a result.   To the extent a plaintiff should be allowed to recover damages against a school district for violation of article I, section 18, where a school district fails to adequately respond to sexual harassment of students by other students, it is incumbent upon the Illinois legislature to acknowledge a right of   action under the Human Rights Act.  (See 
Baker
, 159 Ill.2d at 266)  ("Any attempt to broaden or narrow the scope of the [Human Rights] Act is necessarily a matter for the legislature")).  Because we find a private right of action for damages is not implied under article I, section 18, we do not reach the second question certified by the circuit court.

Certified question answered. 

O' MARA
 
FROSSARD,
 
P.J., and GALLAGHER, J., concur. 

 

 

FOOTNOTES
1: The equal protection clause of article I, section 2, of the Illinois Constitution provides:

"No person shall be denied *** equal protection of the laws."  Ill. Const. 1970, art. I, §2.