LEO CAHOON, Plaintiff-Appellee, v. ALTON PACKAGING CORPORATION et al., Defendants-Appellants.

Fifth District   No. 5—85—0770

Opinion filed September 24, 1986.—Rehearing denied November 7, 1986.

Al J. Pranaitis, of Hoagland, Maucker, Bernard & Almeter, of Alton, for appellants.

Freeark, Harvey & Mendillo, of Belleville, and Callis & Hartman, of Granite City (James R. Mendillo and Michael J. Meehan, of counsel), for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff Leo Cahoon brought this action for damages against his ex-employer, Alton Packaging Corporation, for damages and reinstatement under the Age Discrimination in Employment Act of 1967 (ADEA) (29 U.S.C. sec. 621 (1982) *et seq.*), and for breach of an oral contract of employment. Plaintiff sought relief against defendants Jefferson Smurfit Corporation and Jefferson Smurfit Group, Ltd., on the basis that Alton Packaging was the agent or instrumentality of the other two defendants. After a trial, a Madison County jury found for defendants on the count alleging an oral contract, and for plaintiff on the ADEA counts. The circuit court entered judgment for defendants on the contract claim, and denied reinstatement and entered judgment in excess of $214,800 plus costs against all three defendants on the ADEA counts. Defendants appeal. There is no cross-appeal.

■■ Of defendants' numerous contentions on appeal, we consider

only defendants' contention that the circuit court was without subject matter jurisdiction in this case. Jurisdiction is of two types, jurisdiction of subject matter and jurisdiction of the person. Defects in jurisdiction of the person may be waived. Absent subject matter jurisdiction, the court is without authority to consider or act on a case before it other than to dismiss it. Lack of jurisdiction over the subject matter cannot be waived, nor may a party be deemed estopped to raise the issue. *Volkmar v. State Farm Mutual Automobile Insurance Co.* (1982), 104 Ill. App. 3d 149, 151, 432 N.E.2d 1149, 1151.

■ Section 8—111(C) of the Illinois Human Rights Act (the Act) states: "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." (Ill. Rev. Stat. 1985, ch. 68, par. 8—111(C).) Article 8 of the Act (Ill. Rev. Stat. 1985, ch. 68, par. 8—101 *et seq.*) provides for hearings on human rights complaints by the Illinois Human Rights Commission, and further provides for review of decisions of that Commission in accordance with the provisions of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*). (Ill. Rev. Stat. 1985, ch. 68, par. 8—111(A).) These provisions require a Human Rights Act claimant, including an age-discrimination claimant, to exhaust administrative remedies prior to bringing an action in the Illinois courts. See *Mein v. Masonite Corp.* (1984), 124 Ill. App. 3d 617, 619, 464 N.E.2d 1137, 1139, *aff'd* (1985), 109 Ill. 2d 1, 485 N.E.2d 312.) In our view the plain language of section 8—111(C) requires that an Illinois court dismiss an ADEA case unless State administrative remedies have been exhausted.

■ Plaintiff does not contend that our legislature intended otherwise. Rather, plaintiff maintains the intent of the legislature does not control the jurisdiction of the court in this situation. Plaintiff's complaint alleged a violation of the ADEA, which provides in part: "Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter ***." (29 U.S.C. sec. 626(c)(1) (1982).) Based on this provision, plaintiff argues Congress intended an ADEA claimant be able to institute his action in either State or Federal court. However, section 626(c)(1) does not purport to confer jurisdiction. (See generally 20 Am. Jur. 2d *Courts* secs. 91, 93 (1965).) None of the cases cited by plaintiff supports the conclusion that a civil rights claimant may ignore the administrative framework provided by our legislature.

Like the Act, the ADEA provides administrative procedures and remedies. Under the ADEA no civil action may be commenced by an

individual until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary of Labor, whose duty is to notify named prospective defendants and seek to eliminate any alleged unlawful practice "by informal methods of conciliation, conference, and persuasion." (29 U.S.C. sec. 626(d) (1982).) Apparently in the instant case the Secretary was duly notified. We do not view that act as conferring jurisdiction on the circuit court in light of our legislature's mandate to the contrary. See *People v. Lang* (1978), 62 Ill. App. 3d 688, 704, 378 N.E.2d 1106, 1119, *aff'd in part, rev'd in part* (1979), 76 Ill. 2d 311, 391 N.E.2d 350, *cert. denied* (1979), 444 U.S. 954, 62 L. Ed. 2d 326, 100 S. Ct. 433, *cert. denied* (1980), 444 U.S. 1045, 62 L. Ed. 2d 731, 100 S. Ct. 733.

■ Plaintiff argues the Illinois courts are not free to "discriminate" against Federal claims. We only decide here that the Federal civil rights claim must be prosecuted under the same procedure applicable to a State civil rights claim. Discrimination against the Federal claim is not in question here. Rather, we find in section 8—111(C) of the Act our legislature's plain directive that a civil rights claim be prosecuted in the administrative forum before it reaches the court, and that a complaint which invokes a Federal claim is not entitled to preferential treatment in that regard. Messrs. Wright and Miller, relied upon by plaintiff, write:

> "For present purposes, it is enough to note that state courts may not arbitrarily deny enforcement to federal statutory claims similar to state law claims that lie within their ordinary jurisdiction. If proper procedure is followed in presenting the claim, state law is not independent to apply a principle of non-enforcement.
>
> * * *
>
> Whatever may be the extent of the obligation imposed on state courts to remedy federal wrongs, much room is left to control the form of the remedy and to impose reasonable limits on its availability. The Ward decision [*Ward v. Board of County Commissioners* (1920), 253 U.S. 17, 64 L. Ed. 2d 751, 40 S. Ct. 419] expressly left open the possibility that the claim might be denied under the state statute of limitations. In McCoy v. Shaw [(1928), 277 U.S. 302, 72 L. Ed. 891, 48 S. Ct. 519], a similar case, the Court affirmed denial of anticipatory equitable relief on the ground that the state could properly require relief to be sought by payment of the taxes and suit for recovery. The same principle appears in other contexts as well.
>
> * * *

Whatever the extent to which state courts are obliged to provide some remedy for federal claims, then, it rests on principles of the nonindependence of state law. Once an effective remedy is made reasonably available, state procedural limitations remain generally independent of federal law, and need survive only the basic tests of adequacy." 16 Wright & Miller, Federal Practice & Procedure sec. 4024, at 718, 723-24, 725 (1977).

Finally, we find *Parks v. Illinois Department of Mental Health* (1982), 110 Ill. App. 3d 184, 441 N.E.2d 1209, inapposite. Section 626(c)(1) of the ADEA does not appear to support a preemption argument, there being no actual conflict between section 626(c)(1) and the Act. In any event, plaintiff does not expressly argue preemption in his brief.

For the foregoing reasons, the judgment of the circuit court of Madison County insofar as it pertains to plaintiff's age discrimination claims is vacated, and to that extent the cause is dismissed. The judgment insofar as it denies plaintiff's contractual claim is affirmed.

Vacated and dismissed in part; affirmed in part.

JONES and KARNS, JJ., concur.