ROBERT MEEHAN, Plaintiff-Appellee, v. ILLINOIS POWER COMPANY, Defendant-Appellant.

Fifth District   No. 5—03—0289

Opinion filed April 12, 2004.—Rehearing denied May 6, 2004.

Michael N. Petkovich, of Jackson Lewis, L.L.P., of Vienna, Virginia, Brian McCarthy, of Jackson Lewis, L.L.P., of Chicago, and Beth C. Boggs, of Boggs, Boggs & Bates, L.L.C., of St. Louis, Missouri, for appellant.

Bernard J. Ysursa and Bruce N. Cook, both of Cook, Ysursa, Bartholomew, Brauer & Shevlin, Ltd., of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

On September 4, 1997, the plaintiff, Robert Meehan, filed, in the

circuit court of St. Clair County, a complaint charging the defendant, Illinois Power Company, with having violated the federal Age Discrimination in Employment Act of 1967 (ADEA) (29 U.S.C. § 621 *et seq.* (2000)), by discharging the plaintiff from his employment because of his age. The plaintiff had filed a charge with the federal Equal Employment Opportunity Commission and had received therefrom a notice of the dismissal of his complaint and of his right to sue the defendant within 90 days.

On October 16, 1997, the defendant answered the complaint and raised as an affirmative defense that the circuit court of St. Clair County lacked subject matter jurisdiction over the cause. On February 10, 1998, the defendant filed a motion to dismiss the cause for lack of subject matter jurisdiction. The defendant relied on language from section 8—111(C) of the Illinois Human Rights Act (Act): "[N]o court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act" (775 ILCS 5/8—111(C) (West 2002)). The defendant argued that, pursuant to the Act, all such claims, including claims brought under federal law, must be brought before the Illinois Department of Human Rights.

On December 1, 1998, the circuit court of St. Clair County entered an order finding that the plaintiff had filed a complaint with both the federal Equal Employment Opportunity Commission and the Illinois Department of Human Rights, had obtained a ruling from both administrative bodies, and had therefore exhausted his administrative remedies. The trial court found that the plaintiff's exhaustion of administrative remedies was sufficient to vest subject matter jurisdiction over this cause in the circuit court. The trial court denied the defendant's motion to dismiss for lack of subject matter jurisdiction.

On June 21, 2000, the defendant filed a motion asking the circuit court to reconsider its ruling on the motion to dismiss for lack of subject matter jurisdiction. By a one-sentence order entered April 16, 2001, the circuit court denied the motion to reconsider.

Throughout the remainder of these proceedings the defendant continued to press its argument of lack of subject matter jurisdiction. Nevertheless, on April 14, 2003, following a bench trial, the circuit court entered an order finding that it did have subject matter jurisdiction over the cause and ruling in favor of the plaintiff on the merits. The court awarded the plaintiff damages and attorney fees in the amount of $1,041,510.50.

The defendant appeals, raising three issues: whether the circuit court lacked subject matter jurisdiction over this cause, whether the plaintiff's claims of age discrimination in employment were time-barred, and whether the trial court's finding that the defendant's

legitimate business reasons for discharging the plaintiff were a pretext for discrimination is contrary to the manifest weight of the evidence. Because we find that the trial court lacked subject matter jurisdiction over this cause, we need not address the defendant's second and third issues.

■ In passing the Act, the General Assembly intended for it to be the preemptive and exclusive vehicle for the resolution of employment discrimination cases in Illinois. *Thakkar v. Wilson Enterprises, Inc.*, 120 Ill. App. 3d 878, 881 (1983). Accordingly, the Act itself provides, "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8—111(C) (West 2002).

The Illinois Supreme Court has held that courts have no jurisdiction to hear independent actions for civil rights violations. *Mein v. Masonite Corp.*, 109 Ill. 2d 1, 7 (1985). The legislature intended by the Act to avoid direct access to the courts for the redress of civil rights violations. *Mein*, 109 Ill. 2d at 7. Accordingly, the plaintiff in *Mein* could not bring his state-law claim of age discrimination in employment in the circuit court. *Mein*, 109 Ill. 2d at 7; see also *Yount v. Hesston Corp.*, 124 Ill. App. 3d 943 (1984); *Armstrong v. Freemen United Coal Mining Co.*, 112 Ill. App. 3d 1020 (1983).

The exclusivity of the remedy provided by the Act has been broadly interpreted. Even state-law tort claims such as negligence are barred by section 8—111(C) of the Act when those tort claims are grounded upon and "inextricably linked" to an alleged civil rights violation. See *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 516-18 (1994). If a common-law tort action is in essence one that seeks redress for a civil rights violation as defined by the Act and if there is no basis for the tort action other than the civil rights violation, the circuit court lacks jurisdiction to hear the claim. *Welch v. Illinois Supreme Court*, 322 Ill. App. 3d 345, 355 (2001).

■ The question before us is whether this exclusivity of remedy extends to claims of civil rights violations brought under *federal* law, specifically, the ADEA. We have previously addressed this very question and held that it does.

In *Cahoon v. Alton Packaging Corp.*, 148 Ill. App. 3d 480 (1986), the plaintiff brought an action against his former employer under the ADEA. The issue of subject matter jurisdiction was raised, and we held, "[T]he plain language of section 8—111(C) requires that an Illinois court dismiss an ADEA case unless State administrative remedies have been exhausted." *Cahoon*, 148 Ill. App. 3d at 482. We rejected the argument of the plaintiff in that case that, in passing the ADEA, Congress intended a claimant to be able to institute his action

in either state court or federal court. Section 626(c)(1) of the ADEA provides, "Any person aggrieved may bring a civil action in any court of competent jurisdiction ***." 29 U.S.C. § 626(c)(1) (2002). We held that Congress did not mean to, and did not effectively, confer jurisdiction on Illinois circuit courts by virtue of this provision. *Cahoon*, 148 Ill. App. 3d at 483. A civil rights claimant may not ignore the administrative framework provided by our legislature. *Cahoon*, 148 Ill. App. 3d at 482.

We also rejected the argument of the plaintiff in *Cahoon* that Illinois courts are not free to "discriminate" against federal claims. While we agree with the principle that an Illinois court cannot treat federal claims differently than it treats similar state-law claims (see *Howlett v. Rose*, 496 U.S. 356, 110 L. Ed. 2d 332, 110 S. Ct. 2430 (1990)), neither the decision in *Cahoon* nor the Illinois Act does so. What we held in *Cahoon* was that federal civil rights claims must be prosecuted under the same procedure applicable to state civil rights claims. *Cahoon*, 148 Ill. App. 3d at 483. Section 8—111(C) of the Act requires that a civil rights claim be prosecuted in the administrative forum, and a complaint which raises a federal claim is not entitled to preferential treatment in that regard. *Cahoon*, 148 Ill. App. 3d at 483.

The most definitive answer to the question before us is given in *Faulkner-King v. Wicks*, 226 Ill. App. 3d 962 (1992). That case involved claims brought under federal civil rights statutes—sections 1983, 1985, and 1986 of Title 42 of the United States Code (42 U.S.C. §§ 1983, 1985, 1986 (1988)). The plaintiff argued that Illinois circuit courts have concurrent jurisdiction over a claim premised on federal civil rights statutes and that a state court is obligated to address such a claim.

The appellate court held as follows:

"The United States Congress cannot require circuit courts to hear certain disputes. Congress can utilize State courts to enforce Federal rights, but it must do so subject to all conditions which the State court imposes on other litigants. [Citation.] Although circuit courts are courts of general jurisdiction, the legislature, by authority of the State Constitution, has restricted that jurisdiction when the claim involves a controversy covered by the Act. Courts have consistently ruled the Act is the exclusive source of a remedy for an employment-discrimination claim. Circuit courts cannot be compelled to accept such cases under the guise of Federal authority." *Faulkner-King*, 226 Ill. App. 3d at 970-71.

*Cooper v. Illinois State University*, 331 Ill. App. 3d 1094 (2002), also involved a civil action brought in Illinois circuit court for age discrimination under the federal ADEA. The appellate court held as follows:

"We adhere to *Faulkner-King* [citation] and *Cahoon* [citation] and thus hold that in Illinois, the Act is the exclusive source of a remedy for employment-discrimination claims." *Cooper*, 331 Ill. App. 3d at 1100.

Every reported decision by Illinois courts that we could find which discusses the question of a circuit court's subject matter jurisdiction over claims of civil rights violations holds consistently with the above-cited cases. We note that the plaintiff cites no reported decision in Illinois which supports his position that Illinois circuit courts have subject matter jurisdiction over claims of civil rights violations under the federal ADEA. The plaintiff does cite to *Jackson v. Sweet Ideas, Ltd. Partnership*, 321 Ill. App. 3d 1029 (2001), which involved a claim under the federal Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.* (1994)) brought in Illinois circuit court. A summary judgment was entered in favor of the defendant by the circuit court, and the plaintiff appealed. There was apparently no challenge to the circuit court's subject matter jurisdiction raised in the circuit court or in the appellate court, and the issue of the circuit court's subject matter jurisdiction is not discussed in the published opinion. In the absence of a challenge to subject matter jurisdiction, the appellate court apparently, but incorrectly, assumed that it existed. The *Jackson* opinion provides no support for the plaintiff's position.

Let us now explain why we continue to believe that *Cahoon* and *Faulkner-King* were correctly decided. The ADEA provides as follows with respect to jurisdiction, "Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 626(c)(1) (2000). In the absence of an express restriction in a federal statute, federal and state courts do have presumptive concurrent jurisdiction over federal causes of action. *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 823, 108 L. Ed. 2d 834, 839, 110 S. Ct. 1566, 1568 (1990). State courts have inherent authority and are presumptively competent to adjudicate claims arising under federal law. *Donnelly*, 494 U.S. at 823, 108 L. Ed. 2d at 839, 110 S. Ct. at 1568. Thus, under the ADEA, any state "court of competent jurisdiction" has concurrent jurisdiction with the federal courts to hear claims under the ADEA.

A state court may not deny a federal right, when the parties and controversy are properly before it, in the absence of a valid excuse. *Howlett v. Rose*, 496 U.S. 356, 369, 110 L. Ed. 2d 332, 348, 110 S. Ct. 2430, 2439 (1990). However, the requirement that a state court of competent jurisdiction treat federal law as the law of the land does not necessarily include within it a requirement that the state create a court of competent jurisdiction to hear the case in which the federal

claim is presented. *Howlett*, 496 U.S. at 372, 110 L. Ed. 2d at 350-51, 110 S. Ct. at 2441. The general rule is that federal law takes the state courts as it finds them. *Howlett*, 496 U.S. at 372, 110 L. Ed. 2d at 351, 110 S. Ct. at 2441. The states thus have great latitude to establish the structure and jurisdiction of their own courts. *Howlett*, 496 U.S. at 372, 110 L. Ed. 2d at 351, 110 S. Ct. at 2441. In addition, states may apply their own neutral procedural rules to federal claims, unless those rules are preempted by federal law. *Howlett*, 496 U.S. at 372, 110 L. Ed. 2d at 351, 110 S. Ct. at 2441.

A state court may not refuse to enforce a federal right solely because the suit is brought under federal law or because the federal law is not in accord with the policy of the state, if the state court's jurisdiction is otherwise appropriate to the occasion. *Howlett*, 496 U.S. at 373, 110 L. Ed. 2d at 351, 110 S. Ct. at 2441. Thus a state court could not refuse to hear a case brought under the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.* (1994)) simply because the federal act was not in accord with the policy of the state and it was inconvenient and confusing to apply federal law, where the state court's jurisdiction, as prescribed by state law, was adequate to the occasion. *Mondou v. New York, New Haven, & Hartford R.R. Co.*, 223 U.S. 1, 59, 56 L. Ed. 327, 350, 32 S. Ct. 169, 179 (1912). The existence of the jurisdiction created an implication of a duty to exercise it. *Mondou*, 223 U.S. at 58, 56 L. Ed. at 349, 32 S. Ct. at 178. Similarly, in *McKnett v. St. Louis & San Francisco Ry. Co.*, 292 U.S. 230, 78 L. Ed. 1227, 54 S. Ct. 690 (1934), the state court refused to exercise jurisdiction over a FELA cause of action. The United States Supreme Court held that because the state court had general jurisdiction of the class of actions to which the one in question belonged, in cases between litigants situated like those before it, the refusal to hear the FELA action constituted discrimination against rights arising under federal law. *McKnett*, 292 U.S. at 233-34, 78 L. Ed. at 1229, 54 S. Ct. at 692; see also *Testa v. Katt*, 330 U.S. 386, 394, 91 L. Ed. 967, 972, 67 S. Ct. 810, 815 (1947).

Only where the refusal by a state court to hear a federal claim is based on a neutral rule of judicial administration may a state court refuse to hear the federal claim. *Howlett*, 496 U.S. at 374, 110 L. Ed. 2d at 352, 110 S. Ct. at 2442. For example, where a state court denied jurisdiction over a FELA action on the grounds that the cause of action arose outside of its territorial jurisdiction, the Supreme Court held that, while the state court was not free to dismiss the federal claim merely because it was a federal one, it could properly dismiss the claim where it did not construe the state jurisdiction and venue laws in a discriminatory fashion. *Herb v. Pitcairn*, 324 U.S. 117, 123, 89 L. Ed. 789, 793, 65 S. Ct. 459, 462 (1945).

In *Howlett*, 496 U.S. at 378, 110 L. Ed. 2d at 354-55, 110 S. Ct. at 2444, the Supreme Court held that the State of Florida could not assert sovereign immunity with respect to section 1983 claims (42 U.S.C. § 1983 (1988)) where it did not assert sovereign immunity with respect to similar state-law claims. Where the state had waived sovereign immunity with respect to all other claims, it could not refuse to hear a section 1983 action on the basis of sovereign immunity, where the plaintiff had complied with all state-law procedures for invoking the jurisdiction of the state court.

Under our interpretation of the Act, there is no discrimination against the federal ADEA. All cases involving age discrimination, whether based on federal law or state law, are barred from Illinois circuit courts. Thus, federal claims of age discrimination are treated identically to state claims of age discrimination. The circuit courts of Illinois have no jurisdiction over claims of age discrimination in employment, whether based on federal law or state law. The federal statute cannot confer such jurisdiction on Illinois courts.

Perhaps the best explanation of our position is found in Justice Frankfurter's concurring opinion in *Brown v. Gerdes*, 321 U.S. 178, 188, 88 L. Ed. 659, 665, 64 S. Ct. 487, 492 (1944) (Frankfurter, J., concurring). Therein, he explains that the United States Congress has no power to confer jurisdiction on a state court; only the lawmaking power of the state has the power to create and confer jurisdiction on a state court. *Brown*, 321 U.S. at 188, 88 L. Ed. at 666, 64 S. Ct. at 492 (Frankfurter, J., concurring). Thus, each state of the Union may establish its own judicature, distribute judicial power among the courts of its choice, and define the conditions for the exercise of their jurisdiction and the modes of their proceeding. *Brown*, 321 U.S. at 188, 88 L. Ed. at 666, 64 S. Ct. at 492 (Frankfurter, J., concurring). The United States Constitution does not require a state to give jurisdiction to its courts against its will. *Brown*, 321 U.S. at 189, 88 L. Ed. at 666, 64 S. Ct. at 492 (Frankfurter, J., concurring). All that is required of a state court is the following:

> " '[T]he state courts must make no hostile discrimination against litigants who come within the [federal] act in question; . . . they must treat litigants under the Federal act as other litigants are treated; . . . they are to act in conformity with their general principles of practice and procedure and are not to deny jurisdiction merely because the right of action arises under the act of Congress.' [Citation.]
>
> *** '[R]ights, whether legal or equitable, acquired under the laws of the United States, may be prosecuted in the United States courts, or in the State courts, competent to decide rights of the like

character and class ***.' [Citation.] Whether a state court is 'competent to decide rights of the like character and class,' *** whether a state court can take jurisdiction[,] and what the incidents of the litigation should be—all these are matters wholly within the control of the State creating the court and without the power of Congress. [Citation.] *** Congress may avail itself of state courts for the enforcement of federal rights, but it must take the state courts as it finds them, subject to all the conditions for litigation in the state courts that the State has decreed for every other litigant who seeks access to its courts." *Brown*, 321 U.S. at 189-90, 88 L. Ed. at 666, 64 S. Ct. at 492-93 (Frankfurter, J., concurring).

The Illinois legislature has removed from the Illinois courts jurisdiction over the subject of any alleged civil rights violation. Accordingly, an Illinois court is simply not a "court of competent jurisdiction" within the meaning of section 626(c)(1) of the ADEA. Claims under the ADEA may not be brought in an Illinois circuit court. We note that the language of section 626(c)(1) of the ADEA does not itself purport to confer jurisdiction over claims thereunder upon state courts, nor could it effectively do so. Illinois circuit courts simply have no jurisdiction over claims of civil rights violation brought under the federal ADEA.

There are also strong public policy considerations that support our decision herein. The Act, with its comprehensive scheme of remedies and administrative procedures, was intended to be the exclusive source for the redress of alleged human rights violations. *Mein*, 109 Ill. 2d at 7. The legislature intended by the Act to avoid direct access to the courts for the redress of civil rights violations. *Mein*, 109 Ill. 2d at 7. To allow litigants to bring federal civil rights violations in Illinois courts would subvert and effectively obliterate the Act and the purposes behind it. Any litigant seeking a hearing in an Illinois court would simply frame his action as one based on a violation of a federal civil rights statute rather than on a violation of a state civil rights statute. The Illinois courts would again become the repository of these types of cases, while the Department of Human Rights would sit idle. This was certainly not the intent of the legislature in passing the Act. Accordingly, our decision herein is supported by the clear public policy of the state.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is vacated, and this cause is dismissed with prejudice.

Judgment vacated; cause dismissed with prejudice.

MAAG and KUEHN, JJ., concur.