SYKES, Circuit Judge.
Dr. Keith Dookeran was hired by John H. Stroger Hospital of Cook County in 2000 subject to biennial reappointment. In his 2004 application for reappointment, Dookeran disclosed for the first time that Mercy Hospital, his previous employer, had reprimanded him for creating a hostile work environment. This disclosure triggered an investigation and peer review by Stroger Hospital’s medical staff. An administrative committee eventually revoked Dookeran’s staff privileges, and the Cook County Board formally denied his reappointment application.
Dookeran sought judicial review by common-law writ of certiorari in Cook County Circuit Court. The circuit court ruled in his favor, but the Illinois Appellate Court reversed and reinstated the denial of reappointment, and the Illinois Supreme Court denied leave to appeal. While these proceedings were ongoing in the Illinois courts, Dookeran filed charges of employment discrimination with the Illinois Department of Human Rights (“IDHR”) and the Equal Employment Opportunity Commission (“EEOC”) alleging that his reapplication was denied based on his race and national origin and also in retaliation for an earlier charge he had filed with the EEOC. After a long delay, Dookeran received a right-to-sue letter from the EEOC and brought this suit in federal court against Cook County alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The County moved to dismiss for lack of jurisdiction under Rooker-Feldman and also on the basis of res judicata. The district court rejected the jurisdictional argument but dismissed Dookeran’s claims as barred by res judicata.
*573 We affirm. First, the Rooker-Feldman doctrine does not apply, so subject-matter jurisdiction is secure. Second, the district court correctly held that Dookeran’s Title VII claims are precluded. There is no real dispute that the basic requirements of Illinois preclusion doctrine are met; the main point of contention is whether Dookeran had a full and fair opportunity to litigate his federal claims in the state-court proceedings. We hold that he did. In Blount v. Stroud, 232 Ill.2d 302, 328 Ill.Dec. 239, 904 N.E.2d 1, 17-18 (2009), the Illinois Supreme Court held that the state circuit courts. have jurisdiction to hear federal civil-rights claims even though the Illinois Human Rights Commission (“IHRC”) does not. Although some decisions from the Illinois Appellate Court had held otherwise, Dookeran was not prevented from bringing his Title VII claims with his cer-tiorari petition in the circuit court to test whether this line of intermediate appellate authority was correct. The successful plaintiff in Blount did exactly that, and the state supreme court held that the appellate decisions had misread the statutory scheme. Accordingly, ' Dookeran could have joined his Title VTI claims with the state-court certiorari proceeding. Because he did not, claim preclusion applies.
I. Background
Dr. Dookeran, a surgeon and surgical oncologist, was hired by Stroger Hospital in 2000 subject to biennial reappointment. In his 2004 application for renewal of his employment and hospital privileges, he disclosed for the first time that he had been reprimanded by Mercy Hospital, his previous employer. He certified on his earlier applications that he had not been reprimanded in the last four years, when in fact he had received a formal reprimand for creating a hostile work environment at Mercy. See Dookeran v. County of Cook, 396 Ill.App.3d 800, 336 Ill.Dec. 424, 920 N.E.2d 633, 637 (2009). - More particularly, Dookeran was removed as director of surgical research and associate director of the general surgery residency program as a consequence of “unprofessional conduct toward Mercy Hospital employees.” Id.
Dr. Howard Zaren, the department chair at Stroger Hospital, submitted the matter to the hospital’s credentials committee, which initiated an elaborate internal review process to determine Dookeran’s fitness for reappointment. The credentials committee investigated and recommended to the executive medical staff that Dookeran be denied reappointment. The executive medical staff did not issue an immediate ruling and referred the issue to the peer-review committee. That committee recommended a 29-day suspension of Dooker-an’s clinical privileges — a suspension of 30 or more days would have required the hospital to report the discipline to a national databank. The executive medical staff adopted the peer-review committee’s suggestion, but increased the suspension to 30 days. Because the 30-day suspension triggered the reporting requirement, Dookeran was entitled to a hearing and appeal under Stroger Hospital’s medical staff bylaws.
The five-member hearing committee determined .that Dookeran had falsified his 2002 reappointment application. On the basis of this and other findings, the hearing committee recommended that Dooker-an’s staff membership be suspended or revoked. The executive medical staff continued to recommend a 30-day suspension, but the joint-conference committee voted to revoke Dookeran’s staff membership instead. That recommendation was sent for final action to the Cook County Board, which formally denied Dookeran’s application for reappointment on June 20, 2006.
*574 Dookeran thereafter filed a petition for common-law certiorari in Cook County Circuit Court seeking review of the Board’s decision. In Illinois judicial review of most administrative actions proceeds under the Administrative Review Law, 735 III. Comp. Stat. 5/3-101, but the common-law writ of certiorari remains available and serves the same function for judicial review of the agency decisions that fall outside the statute. See Chi. Title Land Trust Co. v. Bd. of Trs., 376 Ill.App.3d 494, 316 Ill.Dec. 1, 878 N.E.2d 723, 727 (2007). While the certiorari petition was pending in the circuit court, Dookeran filed a charge of discrimination with the IDHR and the EEOC alleging that his application for reappointment was denied because of his race (black) and national origin (Trinidadian). Dookeran also alleged that the hospital discharged him in retaliation for an EEOC charge he filed on June 27, 2005. At no time did Dookeran raise a claim of discrimination in the circuit court.
The circuit court concluded that the hearing committee’s recommendation was not sufficiently supported by the record, vacated the denial of Dookeran’s reappointment, and remanded for the hospital’s hearing committee to reconsider and “to recommend a lesser sanction.” Dookeran, 336 Ill.Dec. 424, 920 N.E.2d at 643. After additional proceedings, the circuit court modified the judgment, ordering the Board to suspend Dookeran’s clinical privileges for 30 days. The Illinois Appellate Court reversed, holding that the administrative decision was adequately supported by the evidence and reinstating the denial of reappointment. Id., 336 Ill.Dec. 424, 920 N.E.2d at 650. The Illinois Supreme Court denied leave to appeal. Dookeran v. County of Cook, 236 Ill.2d 503, 341 Ill.Dec. 198, 930 N.E.2d 408, 408 (2010).[1]
In January 2011, after the certiorari proceeding in the state courts concluded, the EEOC issued a right-to-sue letter. Dookeran then filed this suit against Cook County alleging claims under Title VII for discrimination and retaliation on the basis of race and national origin. The County moved to dismiss on two grounds: (1) lack of jurisdiction under Rooker-Feldman; and (2) res judicata. The district court held that the Rooker-Feldman doctrine did not deprive the court of subject-matter jurisdiction but dismissed the suit on the basis of res judicata. Dookeran timely appealed.
II. Discussion
The primary issue on appeal is whether Dookeran’s federal claims under Title VII are precluded because he could have raised them in his state-court action.[2] But the threshold question is jurisdictional. The Rooker-Feldman doctrine[3] holds that the lower federal courts lack subject-matter jurisdiction over actions that seek *575 review of state-court judgments; only the United States Supreme Court has authority to review state judgments. See Skinner v. Switzer, - U.S.-, 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011); Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 645 (7th Cir.2011). Rooker-Feldman is a “narrow doctrine, ‘confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.’ ” Kelley v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir.2008) (quoting Lance v. Dennis, 546 U.S. 459, 464, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006)). Stated differently, Rooker-Feld-man is only concerned with “situations in which the state court’s decision is the source of the harm that the federal suit is designed to redress.” Simmons v. Gillespie, 712 F.3d 1041, 1043, No. 12-3381, 2013 WL 1110872, at *2 (7th Cir. Mar. 19, 2013).
The Rooker-Feldman doctrine does not apply here. Dookeran’s Title VII discrimination and retaliation claims do not seek redress for harm caused by the state-court judgment. It is true that the claims involve the same basic transaction that was at issue in.the state-court action; the cer-tiorari proceeding and the claims in this case arise from the denial of Dookeran’s application for reappointment to the Stro-ger Hospital medical staff. As we will explain, that transactional identity has dis-positive significance for preclusion analysis, but it does not bring the Rooker-Feldman doctrine into play. Dookeran’s Title VII claims do not invite federal-court review and rejection of the judgment of the Illinois courts in the certiorari proceeding. Subject-matter jurisdiction is intact.
That brings us to the main event in this appeal, which is claim preclusion. The district court dismissed the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, so our review is de novo. Santana v. Cook Cnty. Bd. of Review, 679 F.3d 614, 620 (7th Cir.2012). The preclusion rules of Illinois apply. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481-82, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (the judicial acts, records, and proceedings of every state court are given the same full faith and credit in every court within the United States as they have in their own state courts, see 28 U.S.C. § 1738; as such, federal courts apply the preclusion doctrine of the state in which the prior judgment was entered).
 Illinois claim-preclusion law has three basic requirements: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of parties or their privies. Nowak v. St. Rita High Sch, 197 Ill.2d 381, 258 Ill.Dec. 782, 757 N.E.2d 471, 477 (2001). The first and third elements are straight-forward and are satisfied here; Dookeran does not argue otherwise. As for the second element-whether there is an identity of the causes of action-Illinois has adopted the “transactional” analysis, which looks to see if the claims “ ‘arise from a single group of operative facts, regardless of whether they assert different theories of relief.’ ” Arlin-Golf, LLC v. Village of Arlington Heights, 631 F.3d 818, 821 (7th Cir.2011) (quoting River Park, Inc. v. City of Highland Park, 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 893 (1998)). -“[T]he transactional test permits claims to be considered part of the same cause of action even if' there is not a substantial overlap of evidence, so long as they arise from the same transaction.” Id. (quotation marks omitted). Again, Dookeran does not contest this part of the analysis. His-Title VII claims arise from the same basic *576 transaction as the state-court certiorari proceedings: the denial of his application for reappointment at Stroger Hospital.
The law of claim preclusion in Illinois includes the concept of merger and bar, which “precludes the sequential pursuit not only of claims actually litigated, but of those that could have been litigated.” Garcia v. Village of Mt. Prospect, 360 F.3d 630, 639 (7th Cir.2004) (applying Illinois law); see also Durgins v. City of E. St. Louis, 272 F.3d 841, 843 (7th Cir.2001) (same); City of Peoria v. Peoria City Lines, Inc., 24 Ill.2d 457, 182 N.E.2d 164, 167 (1962) (claim preclusion bars all question decided in the prior litigation as well as “all questions which might properly have been litigated and determined”). This principle, however, is bounded by the Due Process Clause of the Fourteenth Amendment, which overrides the otherwise preclusive effect of a prior judgment if the claimant did not have a “Ml and fair opportunity to litigate [his] claim” in the prior action. Kremer, 456 U.S. at 480, 102 S.Ct. 1883 (internal quotation marks omitted).
We have previously held that a federal civil-rights claim may be joined with an action in Illinois circuit court seeking judicial review of a decision by an administrative agency, which provides the “Ml and fair opportunity to litigate” necessary for claim preclusion to apply. Garcia, 360 F.3d at 639-42; see also Pirela v. Village of North Aurora, 935 F.2d 909, 913-15 (7th Cir.1991). Dookeran asks us to reconsider Garcia. He argues that before 2009, when the state supreme court decided Blount, federal employment-discrimination claims could not be brought in Illinois circuit courts.
This argument requires a close analysis of Blount, an important decision by the Illinois Supreme Court. Blount involved a suit alleging various causes of action for employment discrimination, including a claim of retaliation under 42 U.S.C. § 1981 and a common-law retaliatory-discharge claim. 328 Ill.Dec. 239, 904 N.E.2d at 4. The plaintiff won a large judgment in the circuit court, but the Illinois Appellate Court threw it out on jurisdictional grounds. Id., 328 Ill.Dec. 239, 904 N.E.2d at 5. The appellate court held that the plaintiffs sole and exclusive redress was the administrative remedy provided by the Illinois Human Rights Act (“IHRA”), 775 III. Comp. Stat. 5/101 (2008), and therefore the circuit court lacked subject-matter jurisdiction over the § 1981 and state common-law claims, 328 Ill.Dec. 239, 904 N.E.2d at 6. The court relied on the jurisdictional bar contained in section 8-111(D) of IHRA, which states: “Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act.” 775 Ill. Comp. Stat. 5/8 — 111(D).
The Illinois Supreme Court reversed. 328 Ill.Dec. 239, 904 N.E.2d at 18. The court separately addressed whether the jurisdiction-stripping provision in the IHRA barred the plaintiffs tort claim for retaliatory discharge and her claim under § 1981. Regarding the common-law claim, the court explained that the IHRA “provides an exclusive remedy for state ‘civil rights violations,’ as defined in the Act, but makes no mention of common law tort actions.” Id., 328 Ill.Dec. 239, 904 N.E.2d at 10. Invoking the principle that “ ‘legislative intent to abrogate the common law must be clearly and plainly expressed,’” id. (quoting Maksimovic v. Tsogalis, 177 Ill.2d 511, 227 Ill.Dec. 98, 687 N.E.2d 21, 24 (1997)), the court held that the IHRA does not clearly express an intent to abolish common-law torts factually connected to retaliation, and therefore the “plaintiffs *577 claim for retaliatory discharge was properly before the circuit court,” id.
The court reached a similar conclusion regarding the § 1981 claim. The court explained that as used in the IHRA, the term “civil rights violation” has a specific and limited meaning. Id., 828 Ill.Dec. 239, 904 N.E.2d at 16 (citing 775 III. Comp. Stat. 5/1 — 108(D) (listing the state statutory provisions to which the term “civil rights violation” applies)). “[T]he administrative procedures contained in the Act, which govern the filing and disposition of alleged ‘civil rights violations,’ are applicable only to civil rights violations under the Act.” Id. Civil-rights violations arising under federal law are not included in the statutory list, so the court held that the IFIRA’.s administrative procedures — including the statutory provisions establishing the exclusive administrative remedy and the corresponding jurisdictional bar — do not apply to federal civil-rights claims. Id., 328 Ill. Dec. 239, 904 N.E.2d at 17. In other words, because the IFIRA’s jurisdictional limit applies only to the civil-rights violations listed in the statutory definition — i.e., those arising under state law — the IFI-RA’s jurisdictional bar “does not apply to civil rights violations defined by and arising under federal law, as those violations are outside the scope of the Act.” Id.
Finally, the court explained that because the “[cjircuit courts are courts of general jurisdiction,” id. (citing Steinbrecher v. Steinbrecher, 197 Ill.2d 514, 259 Ill.Dec. 729, 759 N.E.2d 509, 515 n. 3 (2001)), they are “presumptively competent to adjudicate claims arising under the laws of the United States,” id. (citing Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 823, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990)). Accordingly, the court held that the plaintiff “could properly pursue her rights and remedies under federal law in the circuit court.” Id., 328 Ill.Dec. 239, 904 N.E.2d at 18.
After Blount it is clear that a federal civil-rights claim may be brought in Illinois circuit court along with a related administrative-review action, and a party’s failure to do so will therefore raise the potential for claim preclusion. Dookeran argues that before Blount the law was murky and in fact prohibited him from bringing his Title VII claims in the circuit court. This overstates the matter. The state supreme court acknowledged in Blount that some appellate-court decisions had misread the IHRA as barring the circuit courts from hearing federal civil-rights claims, and particularly Title VTI claims. Id., 328 Ill.Dec. 239, 904 N.E.2d at 12-15 (citing Cahoon v. Alton Packaging Corp., 148 Ill.App.3d 480, 101 Ill.Dec. 934, 499 N.E.2d 522 (1986); Faulkner-King v. Wicks, 226 Ill.App.3d 962, 168 Ill.Dec. 874, 590 N.E.2d 511 (1992); Cooper v. Ill. State Univ., 331 Ill.App.3d 1094, 265 Ill.Dec. 358, 772 N.E.2d 396 (2002); Brewer v. Bd. of Trs. of Univ. of Ill., 339 Ill.App.3d 1074, 274 Ill.Dec. 565, 791 N.E.2d 657 (2003); Meehan v. Ill. Power Co., 347 Ill.App.3d 761, 283 Ill.Dec. 589, 808 N.E.2d 555 (2004)). The court held, however, that these cases contradicted the clear language of IHRA. Id., 328 Ill.Dec. 239, 904 N.E.2d at 15. The court did not view its holding, which overruled the Cahoon line of cases, as working a change in Illinois law; to the contrary, the court said the statute was “unambiguous” and the appellate court’s interpretation of IHRA’s jurisdictional provision was plainly mistaken. Id. (refusing to apply the doctrine of legislative acquiescence to the Cahoon interpretation of the IHRA’s jurisdiction-stripping provision).
The upshot of Blount is that notwithstanding the contrary view expressed in several Illinois appellate-court decisions, *578 the circuit courts in Illinois have jurisdiction to hear federal civil-rights claims— and this was so both before and after Blount. We acknowledged in Garcia, decided before Blount, that the Illinois appellate courts were in conflict on the question of whether federal civil-rights claims could be “joined as independent causes of action with administrative appeals heard by Illinois circuit courts prior to the exhaustion of Illinois’ administrative process for the civil-rights claims.” 360 F.3d at 639. We specifically noted that the Ca-hoon line of cases was contradicted by other Illinois appellate-court decisions, some of which allowed § 1983 claims to be joined as independent actions in the circuit court. Id. at 641 (citing Stykel v. City of Freeport, 318 Ill.App.3d 839, 252 Ill.Dec. 368, 742 N.E.2d 906, 914 (2001); Stratton v. Wenona Cmty. Unit Dist. No. 1, 133 Ill.2d 413, 141 Ill.Dec. 453, 551 N.E.2d 640 (1990)). The text of IHRA and the presumption of concurrent jurisdiction cast further doubt on the Cahoon line of cases even before they were explicitly overruled by Blount.
Thus, prior to Blount putative Title VII plaintiffs like Dookeran were not barred from presenting their claims to the Illinois circuit courts. The Illinois Supreme Court’s analysis in Blount does not undermine our decision in Garcia; to the contrary, our holding that the Illinois circuit courts have jurisdiction over federal civil-rights claims correctly anticipated Blount. Accordingly, Dookeran had a full and fair opportunity to pursue his Title VII claims with his certiorari action in the circuit court.[4] To the extent the circuit court would have refused to hear his claims based on the erroneous caselaw from the Illinois appellate courts, Dooker-an’s recourse was the same as in Blount— take an appeal and ask the Illinois Supreme Court for an authoritative interpretation of the IHRA’s jurisdictional provision. Because Dookeran failed to raise his Title VII claims in his earlier state-court action, the district court properly dismissed them as barred by claim preclusion.
Affirmed.

.In 2007 Dookeran sued Cook County in state court for breach of contract, retaliatory discharge, and defamation. His claims were dismissed on res judicata grounds, and he appealed. The Illinois Appellate Court recently affirmed, holding that res judicata barred the claims for breach of contract, and retaliatory discharge and truth provided a complete defense to the defamation claim. See Dookeran v. County of Cook, 2013 IL App (1st) 111095, 370 Ill.Dec. 6, 987 N.E.2d 826, No. 1-11-1095, 2013 WL 1190285 (Ill.App.Ct.(lst) Mar. 22, 2013).

. In their briefs the parties use the term res judicata, which can refer either to claim preclusion or issue preclusion. Claim preclusion is implicated here; to avoid confusion, we use the more precise term.

. See Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

. A separate holding in Blount, not implicated here, may cast some doubt on one aspect of our caselaw. The Illinois Supreme Court held that federal civil-rights claims cannot be brought in the administrative forum provided in the IHRA, which applies only to state civil-rights violations. Blount v. Stroud, 232 Ill.2d 302, 328 Ill.Dec. 239, 904 N.E.2d 1, 15-17 (2009). This holding calls into question a general suggestion, made or implied in our decisions in Abner v. Illinois Department of Transportation, 674 F.3d 716, 721 (7th Cir.2012); Hayes v. City of Chicago, 670 F.3d 810, 814 (7th Cir.2012); and Welch v. Johnson, 907 F.2d 714, 723-24 (7th Cir.1990), that a federal civil-rights claim may be raised as a defense in Illinois administrative proceedings. Nothing in Blount undermines the judgments in Abner, Hayes, and Welch, however. As we have explained, the Illinois circuit courts have jurisdiction to hear federal civil-rights claims even though the IHRC does not, Blount, 328 Ill.Dec. 239, 904 N.E.2d at 15-17, and they may do so in tandem with judicial-review proceedings brought pursuant to statute or common-law writ of certiorari, see, e.g., Stratton v. Wenona Cmty. Unit Dist. No. 1, 133 Ill.2d 413, 141 Ill.Dec. 453, 551 N.E.2d 640, 645-47 (1990).