NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2015[*]
Decided September 23, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 14-3251 & 15-1821

| | |
|---|---|
| GREGORY H. LITTLE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 11 C 748 |
| ILLINOIS DEPARTMENT OF REVENUE, | Manish Shah, |
| *Defendant-Appellee*. | *Judge*. |
| | |
| GREGORY H. LITTLE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 C 4928 |
| ILLINOIS DEPARTMENT OF REVENUE, et al., | Sharon Johnson Coleman, |
| *Defendants-Appellees*. | *Judge*. |

_____

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeals are submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Gregory Little, who is black, was fired by the Illinois Department of Revenue after working there for 25 years. He brought successive suits against the Department, asserting, in the first suit (10 C 4928), claims of race and sex discrimination and retaliation, and in the second (11 C 748) only retaliation. In both suits the district court granted summary judgment for the Department on grounds that Little's claims were precluded by a prior state-court judgment. We have consolidated both appeals for disposition and affirm.

About a year before Little was discharged, he began having problems with Barbara Bruno, his supervisor who had recently been hired into a newly created position. He made several complaints of race and sex discrimination to the Department's Equal Employment Officer. At the same time Bruno made her own complaints to the Department's Office of Internal Affairs, alleging that Little's behavior towards her was unprofessional and disrespectful. The Internal Affairs investigation found that Little was not working his approved schedule, that he was using his state vehicle for personal business, and that he had falsified his timesheet. As a result of the investigation, Little was fired. Meanwhile Little filed successive charges with the EEOC alleging race and sex discrimination and retaliation because he was fired, had his job description and supervisor changed, was excluded from important strategy meetings, and was subjected to unreasonable timelines. Little sought review of his discharge before the Illinois Civil Service Commission.

After receiving right-to-sue letters from the EEOC, Little filed two federal lawsuits. In his first federal lawsuit (10 C 4928), he asserted discrimination and retaliation claims against the Department and several of its employees under Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. This suit, filed shortly before his discharge, focused on his claims about the changes in his job description and supervisor, his exclusion from important strategy meetings, and the unreasonable timelines he was subjected to. His second federal lawsuit (11 C 748), filed during his proceedings before the Commission, claimed that his discharge was retaliatory under Title VII. Both federal lawsuits were stayed during the Commission's proceedings.

An administrative law judge for the Commission determined that Little had falsified time records and that discharge was the proper sanction; the Commission adopted the ALJ's ruling. Little then sought judicial review in Illinois state court. The state trial court affirmed the Commission's decision, and the appellate court in turn affirmed.

In late 2014 Judge Shah, in case no. 11 C 748, granted summary judgment for the defendants on grounds of claim preclusion. Judge Shah determined that there was an identity of causes of action because both the state-court case and his federal suit dealt with his discharge, and Little had a full and fair opportunity to litigate his retaliation claim when he sought review of the Commission's ruling in state court.

Several months later Judge Coleman, in case no. 10 C 4928, granted summary judgment to the Department similarly based on claim preclusion. Judge Coleman determined that there was an identity of causes of action because Little's federal suit had at its core the investigation and events leading to his discharge—the same set of facts that were at issue in his state court case. She also determined that Little had a full and fair opportunity to litigate his discrimination and retaliation claims in the state court.

Little appealed both judgments, and we consolidated the appeals for disposition.

On appeal Little challenges the application of claim preclusion because, he says, no identity in the causes of action exists between the state and federal litigation. The state litigation, he maintains, focused on his discharge, whereas the claims in case no. 10 C 4928 address other instances of discrimination and retaliation—the changed job description and supervisor, the investigation, the exclusion from meetings, and the unreasonable timelines.

Under the "transactional test" in Illinois, however, separate claims are considered the same cause of action for claim preclusion purposes if they arise from a single group of operative facts, regardless of whether they assert different theories of relief. *See Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016–17 (7th Cir. 2014) (applying Illinois law). In determining whether the facts arise from the same transaction or series of transactions, we look to whether they "are related in time, space, origin, or motivation, whether they form a convenient trial unit." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998)). As both judges determined, Little's discrimination and retaliation claims arise out of the same core of operative facts as his state litigation: his discharge and the circumstances that led to it. In his telling, in the year after Bruno became his supervisor, he suffered a series of discriminatory acts and retaliation for his discrimination complaints—Bruno excluded him from meetings, changed his job description and chain of command, and caused Internal Affairs to launch a baseless investigation against him that led to his discharge. Little relied on this same series of events in his state suit. *See Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 558 (7th Cir. 2014) (state-court judgment

precluded federal suit even though federal suit added allegations because the additional allegations arose out of the same facts regarding job conditions and discharge).

Little also contends that he was denied a full and fair opportunity to litigate his discrimination and retaliation claims because he was not permitted to raise them before the Commission. But Little did in fact allege before the Commission that his discharge was discriminatory and retaliatory. In any event, for claim preclusion purposes, what matters is only whether Little could have raised these claims before the state court, not the Commission, because it is the state-court judgment that is given preclusive effect. *See Univ. of Tenn. v. Elliot*, 478 U.S. 788, 796 (1986); *Hayes*, 670 F.3d at 815–16. As both district courts correctly determined, Little had the opportunity, but did not use it, to join his discrimination and retaliation claims as independent causes of action when he sought administrative review of the Commission's decision in state court. *See Dookeran v. County of Cook, Ill.*, 719 F.3d 570, 576–78 (7th Cir. 2013); *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 639–44 (7th Cir. 2004). Therefore, Little had a full and fair opportunity to litigate his discrimination and retaliation claims.

AFFIRMED.