**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 16, 2018[*]
Decided January 18, 2018

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2037

| | |
|---|---|
| ORA DELORIS MILSAP, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> THE HABITAT COMPANY LLC, *et al.*, <br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 15 C 630 <br><br> Thomas M. Durkin, <br> *Judge*. |

**O R D E R**

Ora Milsap brings two sets of claims in this suit. First, she has sued the Chicago Housing Authority (CHA) and its property-management contractor, The Habitat Company, for retaliating against her for participating in tenant-advocacy activities. Second, she has sued police officers who arrested her for violating a court order forbidding contact with some tenants. The district judge dismissed her claims. The retaliation claims are blocked by either the statute of limitations or claim preclusion.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

The arrest claims fail because, as the complaint reveals, the police officers had probable cause to arrest her. We thus affirm.

Because we are reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), we accept as true the plaintiff's allegations. *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016). Milsap lived in Lake Parc Place, a public-housing development owned by CHA and managed by Habitat. Milsap was involved in organizing tenants there from 2010 until 2012 to protest a proposed mandatory drug-testing program for public-housing residents.

The first episode of alleged retaliation for Milsap's tenant-organizing activities occurred in 2012. Habitat, she says, began inspecting her unit frequently and restricting her use of common spaces. The problems worsened after July, when the police responded to a call from Milsap complaining about some tenants. Two months later, Habitat began proceedings to evict Milsap, accusing her of violating her lease by threatening tenants and a security guard during the July incident. Habitat halted its eviction proceedings when Milsap agreed in October to refrain from threatening tenants further. Because of this clash, Milsap stopped her tenant advocacy in October 2012.

Milsap's conflict with her fellow tenants, however, continued. In February 2013, Milsap says, she called the police to report that three residents were threatening her. The residents accused Milsap of threatening *them* with an ice pick. Turning to state court, Milsap and her tenant adversaries petitioned for and received orders prohibiting Milsap and her opponents from contacting one another.

The second episode of alleged retaliation began in March 2013. Police officers arrested Milsap when two tenants told the police that Milsap had violated the no-contact orders. After a bond hearing, a state judge released Milsap, ruling that there was no probable cause to detain her further, and dismissed the charges. These events led to a second eviction proceeding, in which Milsap represented herself, in April 2013. Habitat accused her of violating the terms of her lease by confronting the tenants and punching a security guard. She denied the charges and presented letters from her professors attesting that she was with them at the time of the alleged events. Milsap did not raise a retaliation defense. A judge awarded Habitat possession of the premises. Milsap appealed but was unsuccessful.

After Milsap filed this suit in January 2015, the district judge recruited counsel for her. Milsap's operative complaint alleges two claims under 42 U.S.C. §1983: first, that Habitat and CHA retaliated against her in violation of the First Amendment and,

second, that the police officers arrested her in violation of the Fourth Amendment. The judge granted the defendants' motions to dismiss. He ruled that claim preclusion barred Milsap's retaliation claims because she could have raised them as a defense to eviction in state court, and that the claims were otherwise untimely. The judge also ruled that the existence of probable cause barred the arrest claims.

On appeal Milsap argues that the district judge erred in dismissing her claims. One defendant, CHA, asks us to disregard Milsap's brief, contending that her submission does not comply with Rule 28. FED. R. APP. P. 28. But we agree with the other defendants that her arguments are discernible.

First we must assure ourselves that subject-matter jurisdiction is secure. Just as the district judge did, we assess whether the *Rooker-Feldman* doctrine blocks any part of this suit. This doctrine provides that only the Supreme Court can review state-court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The district judge correctly ruled that *Rooker-Feldman* does not apply. Milsap seeks damages for emotional and physical harm that followed her eviction. But she does not seek an order allowing her to repossess her former apartment, nor does she seek repayment of money paid to satisfy a state-court judgment. So the doctrine is inapplicable. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (*Rooker-Feldman* does not apply where a party "has not repaired to federal court to undo [a] judgment"); *Lennon v. City of Carmel, Ind.*, 865 F.3d 503, 507 (7th Cir. 2017) (*Rooker-Feldman* applies where the plaintiff's damages were "fines the plaintiffs paid" from state-court judgments).

Moving on to the merits, we begin by addressing Milsap's claim that in 2012 Habitat and CHA retaliated against her. She alleges that they harassed her then by inspecting her unit frequently, restricting her use of facilities, and filing the first eviction suit (later dismissed in 2012) to retaliate against her for organizing tenants. She argues that this claim accrued when she was later evicted in 2013. But the events underlying this claim—the inspections, restricted access, the first eviction suit, and her decision to halt tenant advocacy—occurred at the latest in October 2012. At that time she "knew or should have known" that these actions violated her First Amendment rights. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). Because the statute of limitations applicable to § 1983 cases in Illinois is two years, *id.*, she had until October 2014 to file suit. But Milsap did not sue until January 2015, so this claim is time-barred.

That brings us to Milsap's claim that in 2013, to retaliate against her further, Habitat filed the second eviction suit and obtained a judgment of eviction. This claim is

not time-barred, but it is blocked by claim preclusion. Claim preclusion bars a second suit when the first suit reached a "final judgment" on the merits and there is an "identity of cause of action" and "an identity of parties or their privies" in the two suits. *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 956 (7th Cir. 1997). Claim preclusion applies to all issues that were decided in the previous suit as well as "all grounds of recovery and defenses which might have been presented." *Id.* The eviction suit went to judgment and the claims in both suits were the same (the right to possess the apartment). *Am. Nat'l Bank v. Powell*, 691 N.E.2d 1162, 1170 (Ill. App. Ct. 1997). As for the third element of claim preclusion (identity of parties or their privies), Habitat appeared in the eviction proceeding, and CHA and Habitat are privies because the interests between property owner and manager are "closely aligned." *Agolf, LLC v. Village of Arlington Heights*, 946 N.E. 2d 1123, 1132 (Ill. App. Ct. 2011). Milsap's claim is precluded because, even though she did not bring a retaliation defense in her eviction proceeding, she could have done so. *See* 735 ILCS 5/9-106; *Am. Nat'l Bank,* 691 N.E.2d at 1170.

Milsap responds that, because she represented herself in the eviction proceeding, she was unable to bring a retaliation defense. It is true that claim preclusion does not bar claims that a party did not have a "full and fair opportunity to litigate." *See Dookeran v. Cty. of Cook, Ill.*, 719 F.3d 570, 576 (7th Cir. 2013); *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 480–81 (1982). But Illinois allows defendants to oppose an eviction suit with the defense that the landlord's motivation is retaliatory. *See* 735 ILCS 5/9-106; *Am. Nat'l Bank*, 691 N.E.2d at 1170. Because Illinois law allowed Milsap to raise a retaliation defense, claim preclusion applies, even if Milsap herself did not know to raise the claim.

We end with Milsap's claim against the police officers who arrested her. According to her complaint, the officers arrested her after receiving calls from two tenants who both said that Milsap had violated no-contact orders. By relying on two separate but consistent reports, the officers possessed enough reasonably trustworthy information to have probable cause to arrest her. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2011). Milsap responds by pointing to the bond hearing. After that hearing, the state judge released her by ruling that no probable cause justified continued detention. But, Milsap continues, the hearing record incorrectly states that the judge *found* probable cause to detain her further. Milsap worries that the district judge relied on this typographical error to dismiss her claim. But that error did not lead to an improper resolution of her arrest claim; her claim fails because the arrest was supported by probable cause. The state judge ruled only that there was no probable cause to detain Milsap further *after* the bond hearing; that ruling does not undercut the fact that, based on her complaint, the police officer had probable cause *to arrest* her based on the two

tenants' complaints. *See Askew v. City of Chicago,* 440 F.3d 894 (7th Cir. 2006) (police may rely on witness reports to make an arrest and leave the assessment of their credibility to the judicial process).

We have considered Milsap's other contentions, and none has merit.

AFFIRMED